*G E K P*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*19    1175*

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1110 Elbridge St. Philadelphia, PA. 19111

Address of Defendant: 100 S. Broad St. 5th Fl. Phila. PA. 19110

Place of Accident, Incident or Transaction: Philadelphia County Family Court Building

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/19/2019    X Jonathan Valentin    _____
                       *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

**CIVIL:** (Place a √ in one category only)

**A.**    *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☒ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☒ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
   *(Please specify):* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: March 19, 2019    _____
                       *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

GEKP

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Jonathan Valentin
:                                                        CIVIL ACTION
          v.
:
Philadelphia County Sheriff
:                                    NO. 19    1175
Department
:

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                          ✓

(f) Standard Management – Cases that do not fall into any one of the other tracks.              ( )


March 19, 2019      X Jonathan Valentin
**Date**                                              **Pro Se Plaintiff**

215-214-9431                                          jonathanvltn@Aol.com
**Telephone**            **FAX Number**               **E-Mail Address**


(Civ. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 – Assignment to a Management Track

(a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)    Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)    Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Jonathan Valentin

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**19    1175**

- against -

Philadelphia County Sheriffs
Department

_____

_____

_____

_____

_____

_____

_____

_____

**COMPLAINT**

Jury Trial:  ☐ Yes   ☑ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

A.    List your name, address and telephone number.  If you are presently in custody, include your identification
number and the name and address of your current place of confinement.  Do the same for any additional
plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name          Jonathan Valentin
               Street Address   1110 Elbridge St.
               County, City     Philadelphia, PA
               State & Zip Code  19111
               Telephone Number  215-214-9431

*Rev. 10/2009*

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship  U.S.

Defendant(s) state(s) of citizenship  U.S.

### III.    Statement of Claim:

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur?  March 19, 2017

1501 Arch St. Philadelphia, P.A. Family court

B.    What date and approximate time did the events giving rise to your claim(s) occur? March 19, 2017

Sunday 3 pm.

| | |
|---|---|
| What happened to you? | C.    Facts: I was denied entry into the second Floor nursery, attacked and arrested. |
| Who did what? | Bag no. 1609 Sheriff Deputy Mr. Murphy |
| Was anyone else involved? | Sheriff Deputy Mrs. Rodriguez and the Family court nursery staff. |
| Who else saw what happened? | Video Cameras and the family court staff. |

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I sustained a neck and knee injury and am currently waiting for a disability hearing while taking prescription medication.

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. loss of income, injuries and inability to work full time 2017-2019 award relief in the total of $100,000.00.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this **19** day of **March**_____, 20 **19**.



Signature of Plaintiff _Jonathan Valenty_____

Mailing Address _110 Elbridge St._____

_Phila, P.A. 1911_____

Telephone Number _215-214-9431_____

Fax Number *(if you have one)* _____

E-mail Address _Jonathanblvtu@Aol.com_

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

A. <u>Factual Background</u>

1) On Sunday March 19th, 2017 Plaintiff was attacked by a Sheriff's department deputy while inside the Philadelphia County Family Court house building located on, 1501 Arch St.

2) The incident took place at 3pm inside the Family Court house building located on, 1501 Arch St on March 19th, 2017.

3) Plaintiff was in the family court house building visiting his son and was asked by one of the court house nursery employees to come back the following scheduled week due to his late arrival.

4) Defendant, Officer Mr. Murphy, bag no. 1609 became violent and unprofessional. Plaintiff asked defendant for his bag number, defendant then attacked Plaintiff.

5) Plaintiff was placed in custody till the next day for assaulting a police officer and then set free the following day.

6) There were two family court house nursery staff employees present during the incident along with another Sheriff's department deputy, Officer Ms. Rodriguez, bag no. 5535.

7) On March 19th, 2017 Plaintiff was attacked by a Sheriff's department deputy while inside the Family Court house building located on, 1501 Arch St., South Philadelphia Center City.

8) The officer's bag number was 1609 and his last name was Officer Mr. Murphy.

9) This happened sometime around 3pm during one of Plaintiff's biweekly family court house supervised visits.

10) Plaintiff showed up twenty minutes late after calling the court house and is son's mother to inform them of his estimated late arrival.

11) Upon Plaintiff's arrival, he learned through his son's mother of the County's Family Court house building and it's nursery staff's decision to force his son's mother outside of the building before the attendance sheet, singing both and main entrance were closed to the general public.

12) After learning of the incident Plaintiff's son's mother and Plaintiff returned to the Family Court house building, both Plaintiff's son's mother and Plaintiff were allowed to sing the attendance sing in sheet behind the sing in booth after speaking with a nursery sing in attendant still available on the first floor in order to get credit for the day's activities but were denied entry past the metal detectors and into the nursery on the second floor by the Sheriff department deputy, defendant officer Mr. Murphy, bag no. 1609.

13) Plaintiff then asked the nursery staff if he could still see his son during his scheduled visiting hours. Plaintiff's visiting hours were 2:30pm till 4:30pm as court ordered for every other Sunday, supported by evidence herein after defined and titled exhibit (A) One Philadelphia County Family Court House Court order .

14) The Sheriff's department deputy, defendant Officer Mr. Murphy, bag no. 1609 began to make fun of Plaintiff while in front of Plaintiff's son and Plaintiff's son's mother, at this time Plaintiff's son's mother became frighten and exited the building stating she would contact Plaintiff later in the week to make other arraignments.

15) Plaintiff asked defendant, Officer Mr. Murphy, bag no. 1609 for his bag number then defendant attacked Plaintiff and placed Plaintiff under arrest, D.C. report no. 17-09-10325.

16) Plaintiff was sent to the **Philadelphia 9th District police Department** after speaking with a white collar senior officer from the Philadelphia County's Sheriff's Department as supported by evidence herein after

defined and titled exhibit (B) One City of Philadelphia 9th District police department property receipt.

17) Then sent to the **Hahnemann University** hospital's emergency room due to a neck injury received during the arrest and charged with assaulting a police officer D.C. report no. 17-09-10325.

18) The charges were dropped and Plaintiff was sent home after three separate radiology sessions involving Plaintiff's neck, shoulder and knee.

19) Plaintiff spent a total of three hours in the hospital from 5:30pm till 9:30pm and nine hours inside a holding cell while nursing his injuries prior to being released sometime around 6:00am Monday morning the following day.

20) Plaintiff was given prescription medication for both pain and swelling as follows, cyclobenzaprine 10mg, 20 tablets and Ibuprofen 3200 mg , 42 tablets as supported by evidence herein after defined and titled exhibit (C) One 5page Hahnemann University Hospital, emergency room intake and discharge report.

21) It's being almost two years and two separate attempts to resolve the matter directly through the Philadelphia County Sheriff's department since the initial incident took place without any success.

22) Plaintiff's first attempt to resolve the matter dates back to April 13th, 2017 when he spoke and then completed a complaint application inside The Philadelphia County's Sheriff's office with the help of a senior staff member by the name of Sgt. Mrs. Brown as supported by evidence herein after defined and titled exhibit (D) One Philadelphia County Sheriff's department complaint application.

23) The second attempt was a little less than a year ago when again Plaintiff attempted to make contact with the supervising staff members inside the Philadelphia County's Sheriff's department to resolve the conclusion of a

successful investigation but was met without any cooperation from the Sheriff's department employees.

24) It's been almost two years since the incident took place and Plaintiff is still receiving medical treatment and medication for injuries received during the initial incident including, Cervical radiculitis, Cervical disc misalignment, Patellofemoral pain syndrome and Patellachondromalacia.

25) Plaintiff was grabbed by his neck while wearing a winter coat and a winter hoodie, placed in a choke hold and throw into a wall then onto the floor while carrying a book bag in one hand.

26) This happened in front of several cameras inside and outside of the Philadelphia County's Family Court Building.

**B. <u>Factual Allegations</u>**

27) Plaintiff alleges excessive use of force, reckless endangerment, simple, aggravated assault, wrongful arrest and filing false charges.

**C. <u>Points of Contact</u>**

28) **Hahnemann University Hospital**
    **Address:** <u>230 N Broad St, Philadelphia, PA 19102</u>
    **Phone:** (215) 762-7000

29) **Philadelphia District Attorney**
    **Address:** <u>3 S Penn Sq, Philadelphia, PA 19107</u>
    **Phone:** (215) 686-8000

30) **Philadelphia Sheriff's Department**
    **Address:** <u>100 South Broad Street, 5th Floor, Philadelphia, PA 19110</u>
    **Phone:** (215) 686-3530

31) **Philadelphia Police 9th District**
    **Address:** <u>401 N 21st St, Philadelphia, PA 19130</u>
    **Phone:** (215) 686-3090

32) **Philadelphia Family Court Building**
    -**Address:** 1501 Arch Street, Philadelphia, PA 19102
    JUVENILE COURT ADMINISTRATION
    -**The general information number:** 215-686-4000
    -**Administrative Judge of Family Court:** Honorable Margaret T. Murphy,
      215-686-7970
    -**Supervising Judge of Family Court:** Honorable Walter J. Olszewski,
    -**Juvenile Court Deputy Court Administrator:** Katherine T. Grasela,
      215-686-4050
    -**Juvenile Court Deputy Court Administrator:** Mario D'Adamo, Esq.
      215-686-4100
    -**Chief Juvenile Probation Officer:** Faustino Castro-Jimenez,
      215-686-4103

## D. Underlining Charges

33) Aggravated assault usually a second degree felony; punishment ranges
    from probation to twenty years (20) in prison.

    Aggravated assault is an attempt to cause serious bodily injury to another
    or to cause serious bodily injury purposely, knowingly, or recklessly under
    circumstances manifesting extreme indifference to the value of human life.
    Aggravated assault also occurs when a person attempts to cause or
    purposely or knowingly causes bodily injury to another with a deadly
    weapon. Aggravated assault is an attempt to cause serious bodily injury to
    another or to cause serious bodily injury purposely, knowingly, or
    recklessly under circumstances manifesting extreme indifference to the
    value of human life.

34) Reckless endangerment, most commonly used when the endangering act
    is serious and risky enough that it could result in serious injury or death to
    another person. Reckless endangerment is typically categorized as
    a felony, which can carry with it penalties of more than 1 year in prison if
    convicted of the offense.

    Reckless Endangerment Law and Legal Definition

    Reckless endangerment is a crime consisting of acts that create a
    substantial risk of serious physical injury to another person. The accused
    person isn't required to intend the resulting or potential harm, but must
    have acted in a way that showed a disregard for the foreseeable
    consequences of the actions. The charge may occur in various contexts,

such as, among others, domestic cases, car accidents, construction site accidents, testing sites, domestic/child abuse situations, and hospital abuse. State laws and penalties vary.

35) Excessive force is the use of more force than is reasonably necessary to arrest a suspect. Examples of excessive force can include: Physical force against a suspect already in custody and not resisting.

18 Pennsylvania Consolidated Statutes § 508 - Use Of Force In Law Enforcement
**§ 508. Use of force in law enforcement.**

**(a) Peace officer's use of force in making arrest.--**

(1) A peace officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest. However, he is justified in using deadly force only when he believes that such force is necessary to prevent death or serious bodily injury to himself or such other person, or when he believes both that:

(i) such force is necessary to prevent the arrest from being defeated by resistance or escape; and

(ii) the person to be arrested has committed or attempted a forcible felony or is attempting to escape and possesses a deadly weapon, or otherwise indicates that he will endanger human life or inflict serious bodily injury unless arrested without delay.

(2) A peace officer making an arrest pursuant to an invalid warrant is justified in the use of any force which he would be justified in using if the warrant were valid, unless he knows that the warrant is invalid.

**(b) Private person's use of force in making arrest.--**

(1) A private person who makes, or assists another private person in making a lawful arrest is justified in the use of any force which he would be justified in using if he were summoned or directed by a peace officer to make such arrest, except that he is justified in the use of deadly force only

when he believes that such force is necessary to prevent death or serious bodily injury to himself or another.

(2) A private person who is summoned or directed by a peace officer to assist in making an arrest which is unlawful, is justified in the use of any force which he would be justified in using if the arrest were lawful, unless he knows that the arrest is unlawful.

(3) A private person who assists another private person in effecting an unlawful arrest, or who, not being summoned, assists a peace officer in effecting an unlawful arrest, is justified in using any force which he would be justified in using if the arrest were lawful, if:

(i) he believes the arrest is lawful; and

(ii) the arrest would be lawful if the facts were as he believes them to be.

**(c) Use of force regarding escape.--**

(1) A peace officer, corrections officer or other person who has an arrested or convicted person in his custody is justified in the use of such force to prevent the escape of the person from custody as the officer or other person would be justified in using under subsection (a) if the officer or other person were arresting the person.

(2) A peace officer or corrections officer is justified in the use of such force, including deadly force, which the officer believes to be necessary to prevent the escape from a correctional institution of a person whom the officer believes to be lawfully detained in such institution under sentence for an offense or awaiting trial or commitment for an offense.

(3) A corrections officer is justified in the use of such force, which the officer believes to be necessary to defend himself or another from bodily harm during the pursuit of the escaped person. However, the officer is justified in using deadly force only when the officer believes that such force is necessary to prevent death or serious bodily injury to himself or another or when the officer believes that:

(i) such force is necessary to prevent the apprehension from being defeated by resistance; and

(ii) the escaped person has been convicted of committing or attempting to commit a forcible felony, possesses a deadly weapon or otherwise

indicates that he will endanger human life or inflict serious bodily injury unless apprehended without delay.

**(d) Use of force to prevent suicide or the commission of crime.**

(1) The use of force upon or toward the person of another is justifiable when the actor believes that such force is immediately necessary to prevent such other person from committing suicide, inflicting serious bodily injury upon himself, committing or consummating the commission of a crime involving or threatening bodily injury, damage to or loss of property or a breach of the peace, except that:

(i) Any limitations imposed by the other provisions of this chapter on the justifiable use of force in self-protection, for the protection of others, the protection of property, the effectuation of an arrest or the prevention of an escape from custody shall apply notwithstanding the criminality of the conduct against which such force is used.

(ii) The use of deadly force is not in any event justifiable under this subsection unless:

(A) the actor believes that there is a substantial risk that the person whom he seeks to prevent from committing a crime will cause death or serious bodily injury to another unless the commission or the consummation of the crime is prevented and that the use of such force presents no substantial risk of injury to innocent persons; or

(B) the actor believes that the use of such force is necessary to suppress a riot or mutiny after the rioters or mutineers have been ordered disperse and warned, in any particular manner that the law may require, that such force will be used if they do not obey.

(2) The justification afforded by this subsection extends to the use of confinement as preventive force only if the actor takes all reasonable measures to terminate the confinement as soon as he knows that he safely can, unless the person confined has been arrested on a charge of crime.

36) **Filing a false police report can lead to multiple criminal consequences**

Many states call this charge "false report to a peace officer." It is one of the few types of speech that is not constitutionally protected. Lying to a law enforcement officer can result in a criminal conviction.

Depending on where you live and the extent of the deception, the criminal charge of filing a false police report can either be a misdemeanor or a felony. Cases that cause less inconvenience to police and other authorities tend to be classified as misdemeanors, while people who create greater confusion or harm by filing a false police report may face felony charges.

Charges

What is considered filing a false police report will vary slightly by state, but it's generally what the name implies—lying to the police. Most people pick up a filing of a false report charge by make affirmative statements that are clearly false. For example, saying that your husband hit you as leverage to be used in a divorce, when he never committed an assault.

Some people are tempted to omit certain facts under the "what they don't know won't hurt them" theory of disclosure. Continuing with the above example, if a wife calls the police and reports that her husband hit her with a rock, but intentionally leaves out that the rock was thrown when he ran the lawn mower over a rocky patch while doing the yard then the omission would be a material omission leading to a false impression. It's material because it explains the accidental nature of the contact, thereby creating the false impression of an intentional act.

Who and why can also affect the severity of a filing of a false police report charge. False reports to a federal officer in an official investigation will invite a federal charge. Lying to cover another felony charge will not only result in a false report charge, but can also result in felony tampering or hindering apprehension charges. The severity of the false nature of the report will affect how a filing of a false report will be punished.

Consequences and Penalties

Minor infractions, like lying about a misdemeanor offense, usually results in a similar misdemeanor charge. Lying about felony offenses can result in felony level charges. Misdemeanor punishment can result in a sentence ranging from probation to a year or two in county jail. Felony punishment can also result in probation, but a much higher prison sentence, from two to ten years. Even though many people charged with the filing of a false report get probation, they sometimes forget to review the other collateral consequences.

Many false report charges come with severe civil penalties. Defendants, like runaway brides, have not only been given stiff probations, they have also been ordered to reimburse communities that expended funds to deal with the crisis created by the false report. Defendants that lie during custody disputes can actually end up losing custody of their children if the lie is exposed. In addition to the criminal charges, a civil judge can also impose civil sanctions like the payment of attorney's fees and contempt of court for filing a false report that is connected to a civil suit.

## 37) False or Wrongful Arrest or Malicious Prosecution

A false arrest claim is where the police (or occasionally someone other than the police) physically detains a person without probable cause or another legally justifiable reason. This can also be called false imprisonment. If you are not permitted to leave, you have been arrested – even if the police never charge you with a crime. You may have a case based on this detention.

Once the police charge you with a crime, a prosecution has started. If that prosecution was started or continued without probable cause (without a reason to truly believe you committed the crime) and if it appears that you were arrested for an improper purpose, then you have been maliciously prosecuted. In order to have a valid civil claim for malicious prosecution, you first have to prevail (win) in the underlying criminal case. Not every failed criminal prosecution results in a malicious prosecution – but the Law will evaluate your case and determine if you were maliciously prosecuted. If you were subject to malicious prosecution, the Law will vigorously fight for you to get you the compensation you deserve.

Retaliatory prosecution is when a person is arrested or charged with a crime or with a summary offense because the person exercised his or her rights. Usually this means that a person was charged with a crime for exercising a constitutional right. For example, the Law has represented many individuals who have been arrested for exercising First Amendment free speech rights, such as the right to criticize the police or other government officials, the right to protest or the right to speak to the press. We bring these cases in federal court, the Law asserts both federal constitutional claims and state law claims. If you think you or someone you know may have been subject to false arrest, malicious prosecution, retaliatory prosecution, or some other type of wrongful arrest, contact the Law.

## E. Cause for Actions Taken

38) Plaintiff is seeking recoverable damages and compensatory remedies adding up to but not exciding a total of $120,000 dollars for financial obligations, personal and household expenses and loss of income accrued from 2017 through 2019 along with all pending penalties attached to a guilty verdict of any and or all allegation charges being brought forth in this County.

39) Plaintiff is seeking recoverable damages and or compensatory remedies in the form of financial compensation adding up but not limited to three years worth of fulltime earned income at hourly wage prior to employment hardship plus yearly expenses before taxes doubled due to long term direct hire employment hardship (2017-2019), ability to earn income hardship (2017-2019), ongoing financial expenses (2017-2019), ongoing personal expenses (2017-2019), ongoing medical treatment and medical condition, effort, burden and hardship (2017-2019) as supported by evidence hereinafter defined and titled exhibit (E) One social security Disability claim, final dated of judgment appointment reminder along with any and or all bending legal fees and legal penalties upon final decision taken by this County, thank you.

## F. Conclusion

40) Plaintiff request to file formal charges in order to schedule a settlement conference between the Philadelphia County's Sheriff's department and Plaintiff to discuss the proper award of all recoverable compensatory remedies allowable by law in this matter to every party involved in this complaint, thank you.

Sincerely, Jonathan Valentin

**Jonathan Valetin**
1110 Elbridge St.
Philadelphia, PA 19111
215-214-9432

# Exhibit

# A

(Philadelphia County's Family Court House Court order.)

CASE ID. 0C1001002 ORDER DATE: 3RD JANUARY, 2017



IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FAMILY COURT DIVISION

JONATHAN VALENTIN
PETITIONER

VS.                                                    CASE ID.

REBECCA L. MASTROBATTISTA
RESPONDENT

## ORDER

AND NOW, THIS 3RD DAY OF JANUARY , 2017, IT IS HEREBY ORDERED AS FOLLOWS:

PETITION FOR CONTEMPT OF CUSTODY FILED SEPTEMBER 9, 2016 BY FATHER, JONATHAN VALENTIN IS RESOLVED AS FOLLOWS:

COMMENCING SUNDAY JANUARY 8, 2017, FATHER SHALL HAVE SUPERVISED PHYSICAL CUSTODY OF THE CHILD CHRISTIAN VALENTIN, BORN JULY 10, 2007, FROM 2:30 P.M. TO 4:30 P.M. AND EVERY OTHER SUNDAY THEREAFTER, AT THE FAMILY COURT NURSERY, LOCATED ON THE SECOND FLOOR, 1501 ARCH STREET, PHILADELPHIA PA. ALL PARTIES ARE TO APPEAR FIFTEEN (15) MINUTES EARLY WITH A COPY OF THIS ORDER AND PHOTO IDENTIFICATION.

IF FATHER MISSES TWO (2) CONSECUTIVE VISITS HIS SUPERVISED PHYSICAL CUSTODY SHALL BE SUSPENDED PENDING FURTHER ORDER OF COURT.

NOTICE OF INTENT TO RELOCATE: NO PARTY MAY MAKE A CHANGE IN THE RESIDENCE OF ANY CHILD WHICH SIGNIFICANTLY IMPAIRS THE ABILITY OF THE OTHER PARTY TO EXERCISE CUSTODIAL RIGHTS WITHOUT FIRST COMPLYING WITH ALL THE APPLICABLE PROVISIONS OF 23 PA C.S. 5337 AND PA. R.C.P. NO 1915.17 REGARDING RELOCATION.

BY THE COURT:

HONORABLE DANIEL SULMAN J.

Page 1 of 2

OR622 \\ REV 9/05
VA055521

# Exhibit

# B

(City of Philadelphia, 9th District, Police Department, Property Receipt and)
(City of Philadelphia, 9th District, Police Department and Desk Supervisor bag
no.) (5698.)

| PROPERTY RECEIPT | FROM WHOM TAKEN | AGE | SEX | №. 3286200 |
|---|---|---|---|---|

☐ LOST AND FOUND

☐ FOR INVESTIGATION

☒ PERSONAL PROPERTY FOR SAFEKEEPING

☐ EVIDENCE

| ADDRESS | DATE | TIME M | DISTRICT | UNIT |
|---|---|---|---|---|

| OWNER (If Known) | LAB USER FEE REQUESTED ☐ YES ☐ NO | DC NO. |
|---|---|---|

| ADDRESS | | SEIZURE NO. |
|---|---|---|

| DEFENDANT'S NAME | BULK OF PROPERTY STORED AT |
|---|---|

ITEMS OF PROPERTY AND CIRCUMSTANCES UNDER WHICH IT WAS RECEIVED INCLUDING THE EXACT LOCATION TAKEN FROM

If the person from whom the above amount of money and/or property was taken does not sign below, state reason why:

PERSON FROM WHOM TAKEN *(Signature)*

WITNESS *(Signature)* | BADGE NO. *(Type)*

RECEIVED   BY   POLICE   DEPARTMENT

Arresting or Receiving Officer: *(If personal property for safekeeping, DeskSupervisor is the Receiving Officer)*

SIGNATURE | BADGE NO. *(Type)*

## TRANSFERRED   TO   EVIDENCE   CUSTODIAN/COLLECTOR

I  hereby  acknowledge  receipt  of  the  above  listed  items.

*(Date)* | *(Time)* | *(Evidence  Custodian/Collection)*

## . RELEASE   FROM   CUSTODY   OF   POLICE   DEPARTMENT

This will acknowledge the receipt from the Police Department of the City of Philadelphia of the amount of money and/or property listed above, and will constitute the release of the City of Philadelphia and its agencies from any and all future responsibility therefor.

☐ Returned to Owner or Agent
☐ Confiscated by Court
☐ Destroyed by Order of Court
      Petition No. _____
☐ Escheat to State
      Escheat List No. _____
☐ To Department of Collections
☐ Other Disposition *(Explain)*:

RECEIVED   BY *(Owner or Agent)*

OWNER OR AGENT *(Signature)*

WITNESS *(Signature)* | BADGE NO. | DATE

RECEIVED   BY   *(Other than Owner of Agent)*

SIGNATURE AND TITLE

WITNESS | DATE

POLICE   DEPARTMENT

## PROPERTY RECEIPT

| | FROM WHOM TAKEN | | AGE | SEX | Nº 3286200 |

☐ LOST AND FOUND

☐ FOR INVESTIGATION

☑ PERSONAL PROPERTY FOR SAFEKEEPING

☐ EVIDENCE

FROM WHOM TAKEN

ADDRESS

OWNER *(If Known)*

ADDRESS

DEFENDANT'S NAME

AGE | SEX | Nº 3286200

DATE | TIME | DISTRICT | UNIT

M

LAB USER FEE REQUESTED | DC NO.
☐ YES ☐ NO

SEIZURE NO.

BULK OF PROPERTY STORED AT

ITEMS OF PROPERTY AND CIRCUMSTANCES UNDER WHICH IT WAS RECEIVED INCLUDING THE EXACT LOCATION TAKEN FROM

If the person from whom the above amount of money and/or property was taken does not sign below, state reason why:

PERSON FROM WHOM TAKEN *(Signature)*

WITNESS *(Signature)* | BADGE NO. *(Type)*

**RECEIVED   BY   POLICE   DEPARTMENT**

Arresting or Receiving Officer: *(If personal property for safe-keeping, DeskSupervisor is the Receiving Officer)*

SIGNATURE | BADGE NO. *(Type)*

### TRANSFERRED   TO   EVIDENCE   CUSTODIAN/COLLECTOR

I hereby acknowledge receipt of the above listed items.

*(Date)* | *(Time)* | *(Evidence Custodian/Collection)*

### RELEASE   FROM   CUSTODY   OF   POLICE   DEPARTMENT

This will acknowledge the receipt from the Police Department of the City of Philadelphia of the amount of money and/or property listed above, and will constitute the release of the City of Philadelphia and its agencies from any and all future responsibility therefor.

☐ Returned to Owner or Agent
☐ Confiscated by Court
☐ Destroyed by Order of Court
　　　Petition No. _____
☐ Escheat to State
　　　Escheat List No. _____
☐ To Department of Collections
☐ Other Disposition *(Explain)*:

**RECEIVED BY** *(Owner or Agent)*

OWNER OR AGENT *(Signature)*

WITNESS *(Signature)* | BADGE NO. | DATE

**RECEIVED BY** *(Other than Owner or Agent)*

SIGNATURE AND TITLE

WITNESS | DATE

75-3. (Rev. 8/15)

POLICE   DEPARTMENT

# Exhibit

# C

(Hahnemann University Hospital, emergency room intake and discharge)
(5page report.)

**Hahnemann University Hospital**
230 N. Broad Street
Philadelphia, PA 19102-1121
Phone: 2157627000

**Patient Education & Visit Summary**

**PERSON INFORMATION**

**Name:** VALENTIN, JONATHAN

**Address:** 1110 ELBRIDGE ST PHILADELPHIA PA 19111-5520 **Phone:** 2152149431

**DOB:** 09/22/1982 **MRN:** 1071296 **Acct#:** 76066091

**Arrival Time:** 03/19/2017 17:28:00 **Discharge Time:**

**VISIT INFORMATION**

**Presenting Complaint:** pt reports he has a sharp pain runnig down the right side of his neck and down his right shoulder that started today at that custody court house, reprots he was shakened

**Patient Diagnosis:** Contusion of knee; Neck pain; Shoulder sprain

**Primary Care Provider:** NO DOCTOR PCP, PCP
**Primary Physician:** MORRIS-MCMULLEN CRNP, MILLICENT

**Allergy Info:** NKA

**Discharge Location:**

**FOLLOW-UP WITH:**

| With: | Address: | When: |
|---|---|---|
| Drexel Orthopedics Clinic-Philadelphia, PA | 216 N Broad St  Philadelphia, PA 19102 (215)762-2663 Business (1) | Within 3-5 days |

**Comments:**

Recheck today's complaints

**With:**                    **Address:**                    **When:**

Return to ED for worsening of                                Within 1-2 days
symptoms.

**Comments:**

Recheck today's complaints

**With:**                    **Address:**                    **When:**

Follow up with Specialist                                    Within 1-2 days

**Comments:**

Recheck today's complaints

**With:**                    **Address:**                    **When:**

PCP NO DOCTOR               BROAD & VINE STREET              Within 1-2 days
                            PHILADLEPHIA, PA  19102

**If you should have <u>any</u> difficulty making arrangements,** please call the Emergency Department. If you have a problem and are not able to contact your primary care provider, you may return to the Emergency Department at any time.

**PATIENT EDUCATION INFORMATION GIVEN:**

Shoulder Rehab Exercises-SportsMed; Shoulder Pain, Easy-to-Read; Muscle Strain, Easy-to-Read; RICE for Routine Care of Injuries, Easy-to-Read; Contusion, Easy-to-Read; Shoulder Sprain

**IMMUNIZATIONS:**

**MAJOR TESTS AND PROCEDURES:**

**Laboratory Orders**
No laboratory orders were placed.

**Radiology Orders**

| Name | Status |
| --- | --- |
| CT Spine Cervical W/O Contrast | InProcess |
| XR Knee 4 View Minimum Right | InProcess |
| XR Shoulder Complete Min 2 Views Right | InProcess |

**Cardiology Orders**
No cardiology orders were placed.

| Order Name | Order Details |
| --- | --- |
| Discharge Patient | Discharge To: Home |
| | Discharge Diet: Resume Home Diet |
| | Discharge Activity: Resume Home Activity |
| | Special Instructions: Follow-up with primary doctor as discussed. Return to ED for worsening of symptoms |

## MEDICATIONS:

*Your discharge prescriptions may be printed, or transmitted electronically to the pharmacy. If there are any issues with your prescriptions, please call the Emergency Department. If you received a prescription for medication(s) today it is important that when you fill this you let the pharmacists know all the other medications that you are on and any allergies you might have. It is also important that you notify your follow-up physician of all your medication including the prescriptions you may receive today.*

**Additional Medications**

**Printed Prescriptions**

**cyclobenzaprine (Flexeril 10 mg oral tablet)** 1 tab, Oral, Three times a day, may cause drowsiness, 5 day, As Needed, Muscle Pain, Refills: 0
Last Dose Given_____Take next dose_____

**ibuprofen (ibuprofen 600 mg oral tablet)** 1 tab, Oral, Three times a day, not to exceed 3200 mg/day with food or milk, 14 day, As Needed, as needed for pain, Refills: 0
Last Dose Given_____Take next dose_____

FINAL ACTIVE MEDICATION LIST:

*We have provided this final list of active medications as a courtesy so that you can easily update your home records and provide to your physician(s). These are the only medications that you should be taking.*

**cyclobenzaprine (Flexeril 10 mg oral tablet)** 1 tab, Oral, Three times a day, may cause drowsiness, 5 day, As Needed, Muscle Pain, Refills: 0

**ibuprofen (ibuprofen 600 mg oral tablet)** 1 tab, Oral, Three times a day, not to exceed 3200 mg/day with food or milk, 14 day, As Needed, as needed for pain, Refills: 0

*Please review carefully and let us know if you have any questions or concerns. Take only the medications listed above. Contact your primary care provider prior to taking any medications NOT on this list.*

# Exhibit

# D

(Philadelphia County Sheriff's Department complaint application.)



# OFFICE OF THE SHERIFF

## CITY & COUNTY OF PHILADELPHIA

Land Title Building
100 South Broad Street, 5th Floor, Philadelphia, PA  19110

### The Honorable Jewell Williams, Sheriff

## REAL ESTATE CONSTITUENT REPORT

**DATE OF CALL:** _4/13/2017_          **TIME:** _4PM_

**REFERRED BY:** _____          **BOOK/WRIT#** _____

### CONSTITUENT INFORMATION:

**NAME:** _Jonathan Valentin_          **CONTACT TELE.#** _215-214-9431_

**ADDRESS:** _1110 Elbridge St. Phila, P.A._   **E-MAIL:** _JonathanVltn@Aol.com_

### CONSTITUENT INQUIRY

____ **Status of Property**      ____ **Deed Matter**      ____ **Liability Matter**

____ **Accounting Matter**      ____ **Workshop Inquiry**      ✓ **Other:** _Police misconduct_

**BRIEF DESCRIPTION OF PROBLEM**
_On March 19, 2017, Sunday while in the Philadelphia Family court house on 1501 Arch St. I was attacked by a Sheriff department officer._

**RESOLUTION:** _Still unresolved_
_____
_____

**REFERRED TO FOR FURTHER RESOLUTION /COMPLETION:**
_____
_____
_____

|  |  | Date of Service(s) |
|---|---|---|
| **Initial Constituent Inquiry Received By:** | _Sgt. Brown_ | _04/13/17_ |
| **Constituent Matter Handled By:** | _____ | _____ |
| **Constituent Matter Resolved By:** | _____ | _____ |

### PLEASE MAINTAIN ALL FILES, REPORTS AND FORMS REGARDING CASE

All Completed Forms should be returned to:          **RICK TYER**

REVISED: April 3, 2017
FORM: Real Estate Constituency Form

**Real Estate Constituent Report:** _____

ADDITIONAL INFORMATION

The incident took place at 1501 Arch St on Sunday March 19 2017 3 p.m. I was at the Family court house visiting my son and was asked to come back the following week for too being late. While speaking with the court staff officer Murphy bag #609 became violent and unproffesional, I asked him for his bag number and he attacked me. I was placed into custody custody till the next day for assulting an officer and then set free the following day. Please investigate, thank you.

Their were two Family court house staff employees, present while the incident took place to along with otho another Sheriff's officer named Rodriguez

_Morally Valent_                                    04/13/2017

# Exhibit

# E

(Social security disability claim, final date of judgment.)

# MARTIN LAW

## THE LAW FIRM FOR INJURED WORKERS

» Workers' Compensation » Social Security Disability » Long-Term Disability » Veterans' Benefits

LAW OFFICES

MARTIN | WILSON | HUTTEMANN | CARLSON | DOGUM | SHAH

January 16, 2019

Jonathan Valentin
1110 Elbridge Street
Philadelphia, PA 19111

    RE:    Your Social Security Disability Case

Dear Mr. Valentin:

    Please be advised that your hearing has been scheduled for April 25, 2019 at 11:00 AM. Your case will be heard by Judge Schwarz at the Office of Disability Adjudication and Review located at:

        8380 Old York Road
        Suite 250
        Elkins Park, PA 19027

    The Social Security Administration will also send you a Notice of Hearing with this information no later than twenty (20) days prior to the hearing. I ask that you appear at the hearing office at least thirty (30) minutes before the start of your hearing so that I can prepare you for your testimony.

    At this time, I would like to update your medical records so that any additional evidence may be submitted to the Judge. Please contact my office with the dates of any new and/or upcoming visits to your doctors, diagnostic tests or hospitalizations since we last contacted you.

                Very truly yours,

AY/gf