# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN VALENTIN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 19-CV-1175 |
| PHILADELPHIA COUNTY SHERIFF'S<br>DEPARTMENT,<br>    Defendant. | :<br>:<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                    **MARCH 22, 2019**

Plaintiff Jonathan Valentin, who is proceeding *pro se*, filed this civil action for damages against the "Philadelphia County Sheriff's Department." He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Valentin leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I. FACTS

Mr. Valentin alleges that on March 19, 2017, a Sheriff's Deputy by the name of Murphy prevented him from entering the second-floor nursery at the Philadelphia Family Court so that he could enjoy supervised visitation with his son. Mr. Valentin alleges that court staff would not permit him to visit because he showed up late, and that Deputy Murphy taunted him and the mother of his son at one point during the interaction. He also alleges that Deputy Murphy assaulted him and arrested him, and that he sustained neck and knee injuries as a result of the force used on him. It appears that Mr. Valentin was charged with assaulting Deputy Murphy, and that the charges were eventually dropped.

The Court understands Mr. Valentin to be raising excessive force, false arrest, and possibly malicious prosecution claims under the Fourth Amendment pursuant to 42 U.S.C. § 1983, based

1

on Deputy Murphy's conduct. He seeks $120,000 in damages to compensate him for the injuries he sustained and for lost income because he has been unable to work due to his injuries.

## II. STANDARD OF REVIEW

The Court grants Mr. Valentin leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Because Mr. Valentin is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Again, because Mr. Valentin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A municipality or local government entity is not liable under § 1983 based solely on an allegation that an employee of that entity committed a constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). Rather, a municipality or a local government entity is only liable under § 1983 if a policy or custom of that entity caused the constitutional violation in question. *Id.* at 694. A plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

2

Here, Mr. Valentin did not name Deputy Murphy as a defendant. Rather, the only defendant named in his Complaint is the "Philadelphia County Sheriff's Department," which the Court understands to be the Philadelphia Sheriff's Office. Mr. Valentin may have named the Sheriff's Office as a defendant because it employs Deputy Murphy. However, that is an improper basis for imposing liability under § 1983 against the "Sheriff's Office", and Mr. Valentin has not alleged any policy or custom of the Sheriff's Office that caused the alleged violation of his rights. Accordingly, Mr. Valentin has not stated a claim against the Sheriff's Office.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Valentin leave to proceed *in forma pauperis* and dismiss his Complaint because he failed to state a claim against the named defendant. However, the Court will allow Mr. Valentin to file an amended complaint in the event he can state a plausible claim against the Sheriff's Office or another appropriate defendant. An Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.

3