**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JONATHAN VALENTIN,

Plaintiff, CIVIL ACTION No. 19-CV-1175

V.

PHILADELPHIA COUNTY SHERIFF'S DEPARTMENT,

And

DEPUTY OFFICER MR. DEREK MURPHY, BADGE No. 1609,

And

DEPUTY OFFICER MS. AMANDA RODRIGUEZ, BADGE No. 5535,

Defendants,

## Amended Civil complaint

### A. Factual Background

1) On Sunday March 19th, 2017 Plaintiff was attacked by a Sheriff's department deputy while inside the Philadelphia County Family Court building located on, 1501 Arch St.

2) The incident took place around 3pm inside the Philadelphia Family Court building.

3) Plaintiff was in the family court building visiting his son and was asked by one of the court house nursery employees to come back the following scheduled week due to his late arrival.

4) Defendant, Officer Mr. Murphy, badge no. 1609 became violent and unprofessional. Plaintiff asked defendant for his bag number, defendant then attacked Plaintiff.

5) Plaintiff was placed in custody until the next day for assaulting a police officer and then set free the following morning.

6) There were two family court house nursery staff employees present during the incident along with another Sheriff's department deputy, Officer Ms. Rodriguez, badge no. 5535.

7) This incident took place during one of Plaintiff's biweekly, court ordered, weekend family court supervised visits.

8) Plaintiff showed up twenty minutes late after calling the court house and is son's mother to inform them of his estimated late arrival.

9) Upon Plaintiff's arrival, he learned through his son's mother of the County's Family Court building and it's nursery staff's decision to force his son's mother outside of the building before the attendance sheet, singing booth and main entrance were closed to the general public.

10) After learning of the incident Plaintiff's son's mother and Plaintiff returned to the Family Court building. Both Plaintiff's son's mother and Plaintiff were allowed to sing the attendance sing in sheet behind the sing in booth after speaking with a nursery sing in attendant still available on the first floor in order to get credit for the day's activities but were denied entry past the metal detectors and into the nursery room on the second floor by the Sheriff department deputy, defendant officer Mr. Murphy, badge no. 1609.

11) Plaintiff then asked the nursery staff if he could still see his son during his scheduled visiting hours. Plaintiff's visiting hours were 2:30pm till 4:30pm as court ordered for every other Sunday, supported by evidence herein after defined and titled exhibit (A) One Philadelphia County, Family Court, Court order.

12) The Sheriff's department deputy, defendant Officer Mr. Murphy, badge no. 1609 began to make fun of Plaintiff while in front of Plaintiff's son and Plaintiff's son's mother, at this time Plaintiff's son's mother became frighten and exited the building stating she would contact Plaintiff later in the week to make other arraignments.

13) Plaintiff asked defendant, Officer Mr. Murphy, badge no. 1609 for his badge number then defendant attacked Plaintiff and placed Plaintiff under arrest, D.C. report no. 17-09-10325.

14) Plaintiff was sent to the **Philadelphia 9th District police Department** after speaking with a white collar senior officer from the Philadelphia County's Sheriff's Department as supported by evidence herein after defined and titled exhibit (B) One City of Philadelphia 9th District police department property receipt.

15) Plaintiff was then sent to the **Hahnemann University** hospital's emergency room due to a neck injury received during the arrest and charged with assaulting a police officer again, D.C. report no. 17-09-10325.

16) The charges were dropped and Plaintiff was sent home after three separate radiology sessions involving Plaintiff's neck, shoulder and knee.

17) Plaintiff spent a total of three hours in the hospital from 5:30pm till 9:30pm and nine hours inside a holding cell while nursing his injuries prior to being released sometime around 6:00am Monday morning the following day.

18) Plaintiff was given prescription medication for both pain and swelling as follows, cyclobenzaprine 10mg, 20 tablets and Ibuprofen 3200mg, 42 tablets as supported by evidence herein after defined and titled exhibit (C) One 5page Hahnemann University Hospital, emergency room intake and discharge report. |

19) It's being almost two years and two separate attempts to resolve the matter directly through the Philadelphia County Sheriff's Department since the initial incident took place without any success.

20) Plaintiff's first attempt to resolve the matter dates back to April 13th, 2017 when he spoke and then completed a complaint application inside The Philadelphia County's Sheriff's Department with the help of a senior staff member by the name of Sgt. Mrs. Angela Brown as supported by evidence herein after defined and titled exhibit (D) One Philadelphia County Sheriff's Department complaint application.

21) The second attempt was a little less than a year ago as of March 15th, 2019 when again Plaintiff attempted to make contact with the supervising staff members inside the Philadelphia County's Sheriff's Department to resolve the conclusion of a successful investigation but was met without any cooperation from the Sheriff's Department employees.

22) It's now been more than two years since the original incident took place and Plaintiff is still receiving medical treatment and medication for injuries received during the initial incident including, Cervical radiculitis, Cervical disc misalignment, Patellofemoral pain syndrome and Patellachondromalacia.

23) Current medication include the following, Diclofenac 100mg for neck pain, thirty tablets, Gabapentin 300mg for back pain, ninety tablets and Oxybutynin 60mg for muscle tension, sixty tablets.

24) Plaintiff was grabbed by his neck while wearing a winter coat and a winter hoodie, placed in a choke hold and thrown into a wall and then onto the floor all while carrying a book bag in one hand.

25) This happened in front of several cameras inside and outside of the Philadelphia County's Family Court Building.

## B. Factual Allegations

27) Plaintiff alleges excessive use of force, reckless endangerment, simple assault, aggravated assault, wrongful arrest, deprivation of liberty, retaliatory prosecution, filing false charges abridging Plaintiff's freedom of speech, right to peaceably assemble, and to petition the government for a redress of grievances.

## C. Points of Contact

26) **Hahnemann University Hospital**
**Address**: 230 N Broad St, Philadelphia, PA 19102
**Phone:** (215) 762-7000

27) **Philadelphia Sheriff's Department**
**Address:** 100 South Broad Street, 5th Floor, Philadelphia, PA 19110
**Phone:** (215) 686-3530

28) **Philadelphia Police 9th District**
**Address:** 401 N 21st St, Philadelphia, PA 19130
**Phone:** (215) 686-3090

29) **Philadelphia Family Court Building**
**-Address:** 1501 Arch Street, Philadelphia, PA 19102

JUVENILE COURT ADMINISTRATION
**-The general information number:** 215-686-4000
**-Administrative Judge of Family Court:** Honorable Margaret T. Murphy, 215-686-7970
**-Supervising Judge of Family Court**: Honorable Walter J. Olszewski,
**-Juvenile Court Deputy Court Administrator:** Katherine T. Grasela, 215-686-4050

**-Juvenile Court Deputy Court Administrator:** Mario D'Adamo, Esq. 215-686-4100

**-Chief Juvenile Probation Officer:** Faustino Castro-Jimenez, 215-686-4103

**D. Underlining Charges**

31) **First and Fifth Amendment violations under,** Freedom of speech, peaceful gathering, depravation of civil liberty and redress of grievance.

32) **Simple Assault, 18 Pa. C.S. §2701 §§ A, 18 U.S.C. § 113 - US. Code Title 18. Crimes and Criminal Procedure § 113. Assaults within maritime and territorial jurisdiction.**

(a) Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

(1) Assault with intent to commit murder or a violation of section 2241 or 2242, by a fine under this title, imprisonment for not more than 20 years, or both.

(2) Assault with intent to commit any felony, except murder or a violation of section 2241 or 2242, by a fine under this title or imprisonment for not more than ten years, or both.

(3) Assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years, or both.

(4) Assault by striking, beating, or wounding, by a fine under this title or imprisonment for not more than 1 year, or both.

(5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.

(6) Assault resulting in serious bodily injury, by a fine under this title or imprisonment for not more than ten years, or both.

(7) Assault resulting in substantial bodily injury to a spouse or intimate partner, a dating partner, or an individual who has not attained the age of 16 years, by a fine under this title or imprisonment for not more than 5 years, or both.

(8) Assault of a spouse, intimate partner, or dating partner by strangling, suffocating, or attempting to strangle or suffocate, by a fine under this title, imprisonment for not more than 10 years, or both.

33) **Aggravated assault, 18 Pa. C.S. §2702 §§A** is usually a felony of the second degree; the punishment range is from probation to twenty years (20) in prison.

(a) Offense defined.--A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

(2) attempts to cause or intentionally, knowingly or recklessly causes

serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

(5) attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member or other employee, including a student employee, of any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school while acting in the scope of his or her employment or because of his or her employment relationship to the school;

(6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury;

(7) uses tear or noxious gas as defined in section 2708(b) (relating to use of tear or noxious gas in labor disputes) or uses an electric or electronic incapacitation device against any officer, employee or other person enumerated in subsection (c) while acting in the scope of his employment;

(8) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to a child less than six years of age, by a person 18 years of age or older; or

(9) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a child less than 13 years of age, by a person 18 years of age or older.

(b) Grading.--Aggravated assault under subsection (a)(1), (2) and (9) is a felony of the first degree. Aggravated assault under subsection (a)(3), (4), (5), (6), (7) and (8) is a felony of the second degree.

34) **Reckless endangerment, 18 Pa. C.S. §2705** is a more serious charge, most commonly used when the endangering act is serious and risky enough that it could result in serious injury or death to another person. Reckless endangerment is typically categorized as a felony, which can carry with it penalties of more than 1 year in prison if convicted of the offense.

Reckless Endangerment Law and Legal Definition

Reckless endangerment is a crime consisting of acts that create a substantial risk of serious physical injury to another person. The accused person isn't required to intend the resulting or potential harm but must have acted in a way that showed a disregard for the foreseeable consequences of the actions. The charge may occur in various contexts such as, among others, domestic cases, car accidents, construction site accidents, testing sites, domestic and child abuse situations and hospital abuse.

35) **42 U.S. Code § 1983. Civil action for deprivation of rights;**

Excessive force is the use of more force than is reasonably necessary to arrest a suspect. Examples of excessive force can include: Physical force against a suspect already in custody and not resisting.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

**18 Pennsylvania Consolidated Statutes § 508 - Use Of Force In Law Enforcement § 508. Use of force in law enforcement.**

(a) **Peace officer's use of force in making arrest.—**

(1) A peace officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest. However, he is justified in using deadly force only when he believes that such force is necessary to prevent death or serious bodily injury to himself or such other person, or when he believes both that:

(i) such force is necessary to prevent the arrest from being defeated by resistance or escape; and

(ii) the person to be arrested has committed or attempted a forcible felony or is attempting to escape and possesses a deadly weapon, or otherwise indicates that he will endanger human life or inflict serious bodily injury unless arrested without delay.

(2) A peace officer making an arrest pursuant to an invalid warrant is justified in the use of any force which he would be justified in using if the warrant were valid, unless he knows that the warrant is invalid.

36) **U.S. Code § 1324c. Penalties for document fraud; Filing a false police report can lead to multiple criminal consequences.**

(a) ACTIVITIES PROHIBITED, It is unlawful for any person or entity knowingly—

(1) to forge, counterfeit, alter, or falsely make any document for the purpose of satisfying a requirement of this chapter or to obtain a benefit under this chapter,

(2) to use, attempt to use, possess, obtain, accept, or receive or to provide any forged, counterfeit, altered, or falsely made document in order to satisfy any requirement of this chapter or to obtain a benefit under this chapter,

(3) to use or attempt to use or to provide or attempt to provide any document lawfully issued to or with respect to a person other than the possessor (including a deceased individual) for the purpose of satisfying a requirement of this chapter or obtaining a benefit under this chapter,

(4) to accept or receive or to provide any document lawfully issued to or with respect to a person other than the possessor (including a deceased individual) for the purpose of complying with section 1324a(b) of this title or obtaining a benefit under this chapter, or

(5) to prepare, file, or assist another in preparing or filing, any application for benefits under this chapter, or any document required under this chapter, or any document submitted in connection with such application or document, with knowledge or in reckless disregard of the fact that such application or document was falsely made or, in whole or in part, does not relate to the person on whose behalf it was or is being submitted, or

(6) (A) to present before boarding a common carrier for the purpose of coming to the United States a document which relates to the alien's eligibility to enter the United States, and (B) to fail to present such document to an immigration officer upon arrival at a United States port of entry.

(b) EXCEPTION
This section does not prohibit any lawfully authorized investigative, protective, or intelligence activity of alaw enforcement agency of the United States, a State, or a subdivision of a State, or of an intelligence agency of the United States, or any activity authorized under chapter 224 of title 18.

(c) CONSTRUCTION

Nothing in this section shall be construed to diminish or qualify any of the penalties available for activities prohibited by this section but proscribed as well in title 18.

(d) ENFORCEMENT

(1) AUTHORITY IN INVESTIGATIONS In conducting investigations and hearings under this subsection— (A) immigration officers and administrative law judges shall have reasonable access to examine evidence of any person or entity being investigated, (B) administrative law judges, may, if necessary, compel by subpoena the attendance of witnesses and the production of evidence at any designated place or hearing, and (C) immigration officers designated by the Commissioner may compel by subpoena the attendance of witnesses and the production of evidence at any designated place prior to the filing of a complaint in a case under paragraph (2). In case of contumacy or refusal to obey a subpoena lawfully issued under this paragraph and upon application of the Attorney General, an appropriate district court of the United States may issue an order requiring compliance with such subpoena and any failure to obey such order may be punished by such court as contempt thereof.

(2) HEARING

(A) In general before imposing an order described in paragraph (3) against a person or entity under this subsection for a violation of subsection (a), the Attorney General shall provide the person or entity with notice and, upon request made within a reasonable time (of not less than 30 days, as established by the Attorney General) of the date of the notice, a hearing respecting the violation.

(B) Conduct of hearing

Any hearing so requested shall be conducted before an administrative law judge. The hearing shall be conducted in accordance with the requirements of section 554 of title 5. The hearing shall be held at the nearest practicable place to the place where the person or entity resides or of the place where the alleged violation occurred. If no hearing is so requested, the Attorney General's imposition of the order shall constitute a final and unappeable order.

(C) Issuance of orders

If the administrative law judge determines, upon the preponderance of the evidence received, that a person or entity has violated subsection (a), the administrative law judge shall state his findings of fact and issue and cause to be served on such person or entity an order described in paragraph (3).

(3) CEASE AND DESIST ORDER WITH CIVIL MONEY PENALTY with respect to a violation of subsection (a), the order under this subsection shall require the person or entity to cease and desist from such violations and to pay a civil penalty in an amount of—

(A) not less than $250 and not more than $2,000 for each document that is the subject of a violation under subsection (a), or

(B) in the case ofa person or entity previously subject to an order under this paragraph, not less than $2,000 and not more than $5,000 for each document that is the subject of a violation under subsection {a). In applying this subsection in the case of a person or entity composed of distinct, physically separate subdivisions each of which provides separately for the hiring, recruiting, or referring for employment, without reference to the practices of, and not under the control of or common control with, another subdivision, each such subdivision shall be considered a separate person or entity.

(4) ADMINISTRATIVE APPELLATE REVIEW

The decision and order of an administrative law judge shall become the final agency decision and order of the Attorney General unless either (A) within 30 days, an official delegated by regulation to exercise review authority over the decision and order modifies or vacates the decision and order, or (B) within 30 days of the date of such a modification or vacation (or within 60 days of the date of decision and order of an administrative law judge if not so modified or vacated) the decision and order is referred to the Attorney General pursuant to regulations, in which case the decision and order of the Attorney General shall become the final agency decision and order under this subsection.

(5) JUDICIAL REVIEW

A person or entity adversely affected by a final order under this section may, within 45 days after the date the final order is issued, file a petition in the Court of Appeals for the appropriate circuit for review of the order.

(6) ENFORCEMENT OF ORDERS

If a person or entity fails to comply with a final order issued under this section against the person or entity, the Attorney General shall file a suit to seek compliance with the order in any appropriate district court of the United States. In any such suit, the validity and appropriateness of the final order shall not be subject to review.

(7) WAIVER BY ATTORNEY GENERAL

The Attorney General may waive the penalties imposed by this section with respect to an alien who knowingly violates subsection (a)(6) if the alien is granted asylum under section 1158 of this title or withholding of removal under section 1231(b)(3) of this title.

(e)CRIMINAL PENALTIES FOR FAILURE TO DISCLOSE ROLE AS DOCUMENT PREPARER (1) Whoever, in any matter within the jurisdiction of the Service, knowingly and willfully fails to disclose, conceals, or covers up the fact that they have, on behalf of any person and for a fee or other remuneration, prepared or assisted in preparing an application which was falsely made (as defined in subsection (f) for immigration benefits, shall be fined in accordance with title 18, imprisoned for not more than 5 years, or both, and prohibited from preparing or assisting in preparing, whether or not for a fee or other remuneration, any other such application.

(2) Whoever, having been convicted of a violation of paragraph (1), knowingly and willfully prepares or assists in preparing an application for immigration benefits pursuant to this chapter, or the regulations promulgated thereunder, whether or not for a fee or other remuneration and regardless of whether in any matter within the jurisdiction of the Service, shall be fined in accordance with title 18, imprisoned for not more than 15 years, or both, and prohibited from preparing or assisting in preparing any other such application.

(f) FALSELY MAKE

For purposes of this section, the term "falsely make" means to prepare or provide an application or document, with knowledge or in reckless disregard of the fact that the application or document contains a false, fictitious, or fraudulent statement or material representation, or has no basis in law or fact, or otherwise fails to state a fact which is material to the purpose for which it was submitted.

Many states call this charge "false report to a peace officer." It is one of the few types of speech that is not constitutionally protected. Lying to a law enforcement officer can result in a criminal conviction.

Depending on where you live and the extent of the deception, the criminal charge of filing a false police report can either be a misdemeanor or a felony. Cases that cause less inconvenience to police and other authorities tend to be classified as misdemeanors, while people who create greater confusion or harm by filing a false police report may face felony charges.

Charges

What is considered filing a false police report will vary slightly by state, but it's generally what the name implies—lying to the police. Most people pick up a filing of a false report charge by make affirmative statements that are clearly false.

Consequences and Penalties

Minor infractions, like lying about a misdemeanor offense, usually results in a similar misdemeanor charge. Lying about felony offenses can result in felony level charges. Misdemeanor punishment can result in a sentence ranging from probation to a year or two in county jail. Felony punishment can also result in probation, but a much higher prison sentence, from two to ten years. Even though many people charged with the filing of a false report get probation, they sometimes forget to review the other collateral consequences.

37) **False or Wrongful Arrest or Malicious Prosecution 18 Pa. C.S. § 2903 Kidnapping - False imprisonment.**

§ 2903 False imprisonment.

(a) Offense defined.--A person commits an offense if he knowingly restrains another unlawfully so as to interfere substantially with his liberty.
(b) Grading.--
(1) Except as provided in paragraph (2), an offense under subsection (a) is a misdemeanor of the second degree. (2) If the victim of the offense is an individual under 18 years of age, an offense under subsection (a) is a felony of the second degree. (Dec. 20, 2000, P.L.721, No.98, eff. imd.)

2000 Amendment. Section 3(1) of Act 98 provided that the amendment of section 2903 shall apply to offenses committed on or after the effective date of Act 98. See the preamble to Act 98 in the appendix to this title for special provisions relating to legislative intent. Cross References. Section 2903 is referred to in sections 5303, 6102 of Title 23 (Domestic Relations).

False or Wrongful Arrest or Malicious Prosecution
A false arrest claim is where the police (or occasionally someone other than the police) physically detains a person without probable cause or another legally justifiable reason. This can also be called false imprisonment. If you are not permitted to leave, you have been arrested — even if the police never charge you with a crime. You may have a case based on this detention.

Once the police charge you with a crime, a prosecution has started. If that prosecution was started or continued without probable cause {without a reason to truly believe you committed the crime) and if it appears that you were arrested for an improper purpose, then you have been maliciously prosecuted. In order to have a valid civil claim for malicious prosecution, you first have to prevail (win) in the underlying criminal case. Not every failed criminal prosecution results in a malicious prosecution - but the Law will evaluate your case and determine if you were maliciously prosecuted. If you were subject to malicious prosecution, the Law will vigorously fight for you to get you the compensation you deserve.

Retaliatory prosecution is when a person is arrested or charged with a crime or with a summary offense because the person exercised his or her rights. Usually this means that a person was charged with a crime for exercising a constitutional right. For example, the Law has represented many individuals who had been arrested for exercising First Amendment free speech rights, such as the right to criticize the police or other government officials, the right to protest or the right to speak to the press. We bring these cases in federal court, the Law asserts both federal constitutional claims and state law claims. If you think you or someone you know may have been subject to false arrest, malicious prosecution, retaliatory prosecution, or some other type of wrongful arrest, contact the Law.

**E. <u>Cause for Actions Taken</u>**

38) Plaintiff is seeking recoverable damages and compensatory remedies adding up but not limited to a total of $180,000 dollars for financial obligations, personal and household expenses and loss of income accrued from 2017 through 2019 along with all pending penalties attached to a guilty verdict of any and or all allegation charges being brought forth in this court.

39) Plaintiff is seeking recoverable damages and or compensatory remedies in the form of financial compensation adding up but not limited to three years worth of fulltime earned income at hourly wage prior to employment hardship plus yearly expenses before taxes doubled due to long term direct hire employment hardship (2017-2019), ability to earn income hardship (2017-2019), ongoing financial expenses (2017-2019), ongoing personal expenses (2017-2019), ongoing medical treatment and medical condition, effort, hardship and burden (2017-2019) as supported

by evidence hereinafter defined and titled exhibit (E) One social security Disability claim, final date of judgment appointment reminder along with any and or all bending legal fees and legal penalties upon final decision taken by this court, thank you.

## F. Conclusion

40) Plaintiff request to schedule a settlement conference between the Philadelphia County's Sheriff's Department and Plaintiff in order to discuss the proper award of all recoverable compensatory remedies allowable by law in this matter to every party involved in this complaint, thank you.

Sincerely, Jonathan Valentin

Jonathan Valentin

**Jonathan Valentin**
1110 Elbridge St.
Philadelphia, PA 19111
215-214-9432
jonathanvltn@aol.com

# Exhibit

(Philadelphia County's Family Court order.)



CASE ID 0C1001002 ORDER DATE 3RD JANUARY, 2017

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FAMILY COURT DIVISION

| | |
|---|---|
| JONATHAN VALENTIN -<br>PETITIONER<br><br>VS.<br><br>REBECCA L. MASTROBATTISTA<br>RESPONDENT | CASE ID. |

# ORDER

AND NOW, THIS **3RD** DAY OF **JANUARY** , **2017**, IT IS HEREBY ORDERED AS FOLLOWS:

**PETITION FOR CONTEMPT OF CUSTODY FILED SEPTEMBER 9, 2016 BY FATHER, JONATHAN VALENTIN IS RESOLVED AS FOLLOWS:**

**COMMENCING SUNDAY JANUARY 8, 2017, FATHER SHALL HAVE SUPERVISED PHYSICAL CUSTODY OF THE CHILD CHRISTIAN VALENTIN, BORN JULY 10, 2007, FROM 2:30 P.M. TO 4:30 P.M. AND EVERY OTHER SUNDAY THEREAFTER, AT THE FAMILY COURT NURSERY, LOCATED ON THE SECOND FLOOR, 1501 ARCH STREET, PHILADELPHIA PA. ALL PARTIES ARE TO APPEAR FIFTEEN (15) MINUTES EARLY WITH A COPY OF THIS ORDER AND PHOTO IDENTIFICATION.**

**IF FATHER MISSES TWO (2) CONSECUTIVE VISITS HIS SUPERVISED PHYSICAL CUSTODY SHALL BE SUSPENDED PENDING FURTHER ORDER OF COURT.**

**NOTICE OF INTENT TO RELOCATE: NO PARTY MAY MAKE A CHANGE IN THE RESIDENCE OF ANY CHILD WHICH SIGNIFICANTLY IMPAIRS THE ABILITY OF THE OTHER PARTY TO EXERCISE CUSTODIAL RIGHTS WITHOUT FIRST COMPLYING WITH ALL THE APPLICABLE PROVISIONS OF 23 PA C.S. 5337 AND PA. R.C.P. NO 1915.17 REGARDING RELOCATION.**

BY THE COURT:

HONORABLE **DANIEL SULMAN** J.

OR622 \\ REV 9/05
VA055521

# Exhibit

# B

(City of Philadelphia, 9 District, Police Department, Property Receipt and City)
(of Philadelphia, 9 District, Police Department, Desk Supervisor badge No.)
(5678.)

# PROPERTY RECEIPT

No 3286200

- [ ] LOST AND FOUND
- [ ] FOR INVESTIGATION
- [x] PERSONAL PROPERTY FOR SAFEKEEPING
- [ ] EVIDENCE

| FROM WHOM TAKEN | AGE | SEX | |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | |

| ADDRESS | DATE | TIME | DISTRICT | UNIT |
|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] M | [illegible] | |

| OWNER (If Known) | LAB USER FEE REQUESTED | DC NO |
|---|---|---|
| S/M | ☐ YES ☐ NO | [illegible] |

| ADDRESS | SEIZURE NO |
|---|---|
| S/M | |

| DEFENDANT'S NAME | BULK OF PROPERTY STORED AT |
|---|---|
| S/M | [illegible] |

ITEMS OF PROPERTY AND CIRCUMSTANCES UNDER WHICH IT WAS RECEIVED INCLUDING THE EXACT LOCATION TAKEN FROM

[illegible handwriting]

If the person from whom the above amount of money and/or property was taken does not sign below, state reason why:

PERSON FROM WHOM TAKEN (Signature)

| WITNESS (Signature) | BADGE NO (Type) |
|---|---|
| [illegible] | [illegible] |

## RECEIVED BY POLICE DEPARTMENT

Arresting or Receiving Officer: *(If personal property for safe-keeping, DeskSupervisor is the Receiving Officer)*

| SIGNATURE | BADGE NO (Type) |
|---|---|
| [illegible] | [illegible] |

## TRANSFERRED TO EVIDENCE CUSTODIAN/COLLECTOR

I hereby acknowledge receipt of the above listed items.

*(Date)* *(Time)* *(Evidence Custodian/Collection)*

## RELEASE FROM CUSTODY OF POLICE DEPARTMENT

This will acknowledge the receipt from the Police Department of the City of Philadelphia of the amount of money and/or property listed above, and will constitute the release of the City of Philadelphia and its agencies from any and all future responsibility therefor.

- [ ] Returned to Owner or Agent
- [ ] Confiscated by Court
- [ ] Destroyed by Order of Court
  Petition No ______________
- [ ] Escheat to State
  Escheat List No ______________
- [ ] To Department of Collections
- [ ] Other Disposition *(Explain)*

**RECEIVED BY** *(Owner or Agent)*

OWNER OR AGENT *(Signature)*

| WITNESS (Signature) | BADGE NO | DATE |
|---|---|---|
| | | |

**RECEIVED BY** *(Other than Owner of Agent)*

SIGNATURE AND TITLE

| WITNESS | DATE |
|---|---|
| | |

POLICE DEPARTMENT

PERSON SURRENDING COPY

# PROPERTY RECEIPT

No. 3286200

- [ ] LOST AND FOUND
- [ ] FOR INVESTIGATION
- [x] PERSONAL PROPERTY FOR SAFEKEEPING
- [ ] EVIDENCE

FROM WHOM TAKEN: Jonathan Valentin | AGE: 31 | SEX: M

ADDRESS: 8329 Roosevelt Blvd | DATE: 3/19/17 | TIME: M | DISTRICT: 07 | UNIT:

OWNER (If Known): S/A | LAB USER FEE REQUESTED: ☐ YES ☐ NO | DC NO: 17 07-1032[illegible]

ADDRESS: S/A | SEIZURE NO.:

DEFENDANTS NAME: S/A | BULK OF PROPERTY STORED AT: City Hall

ITEMS OF PROPERTY AND CIRCUMSTANCES UNDER WHICH IT WAS RECEIVED INCLUDING THE EXACT LOCATION TAKEN FROM

[illegible] arrested under DC# 17 07-10325 prop held while in custody listed items. 1 Black [illegible] Back Bag w/B [illegible] plastic container

If the person from whom the above amount of money and/or property was taken does not sign below, state reason why:

PERSON FROM WHOM TAKEN (Signature)

WITNESS (Signature) [illegible] | BADGE NO. (Type) [illegible]

## RECEIVED BY POLICE DEPARTMENT

Arresting or Receiving Officer: *(If personal property for safekeeping, DeskSupervisor is the Receiving Officer)*

SIGNATURE [illegible] | BADGE NO. (Type) [illegible]

## TRANSFERRED TO EVIDENCE CUSTODIAN/COLLECTOR

I hereby acknowledge receipt of the above listed items.

(Date) (Time) (Evidence Custodian/Collection)

## RELEASE FROM CUSTODY OF POLICE DEPARTMENT

This will acknowledge the receipt from the Police Department of the City of Philadelphia of the amount of money and/or property listed above, and will constitute the release of the City of Philadelphia and its agencies from any and all future responsibility therefor.

- [ ] Returned to Owner or Agent
- [ ] Confiscated by Court
- [ ] Destroyed by Order of Court
  Petition No. ____
- [ ] Escheat to State
  Escheat List No. ____
- [ ] To Department of Collections
- [ ] Other Disposition *(Explain)*:

**RECEIVED BY** *(Owner or Agent)*

OWNER OR AGENT (Signature)

WITNESS (Signature) | BADGE NO. | DATE

**RECEIVED BY** *(Other than Owner of Agent)*

SIGNATURE AND TITLE

WITNESS | DATE

POLICE DEPARTMENT

PERSON SURRENDING COPY

# Exhibit C

(Hahnemann University Hospital, emergency room intake and discharge)
(5 page report.)

**Hahnemann University Hospital**
230 N. Broad Street
Philadelphia, PA 19102-1121
Phone: 2157627000

**Patient Education & Visit Summary**

**PERSON INFORMATION**

**Name:** VALENTIN, JONATHAN

**Address:** 1110 ELBRIDGE ST PHILADELPHIA PA 19111-5520 **Phone:** 2152149431

**DOB:** 09/22/1982 **MRN:** 1071296 **Acct#:** 76066091

**Arrival Time:** 03/19/2017 17:28:00 **Discharge Time:**

**VISIT INFORMATION**

**Presenting Complaint:** pt reports he has a sharp pain runnig down the right side of his neck and down his right shoulder that started today at that custody court house, reprots he was shakened

**Patient Diagnosis:** Contusion of knee; Neck pain; Shoulder sprain

**Primary Care Provider:** NO DOCTOR PCP, PCP
**Primary Physician: MORRIS-MCMULLEN CRNP, MILLICENT**

**Allergy Info:** NKA

**Discharge Location:**

**FOLLOW-UP WITH:**

| **With:** | **Address:** | **When:** |
|---|---|---|
| Drexel Orthopedics Clinic-Philadelphia, PA | 216 N Broad St Philadelphia, PA 19102<br>(215)762-2663 Business (1) | Within 3-5 days |

**Comments:**

Recheck today's complaints

| With: | Address: | When: |
|---|---|---|
| Return to ED for worsening of symptoms. | | Within 1-2 days |

**Comments:**

Recheck today's complaints

| With: | Address: | When: |
|---|---|---|
| Follow up with Specialist | | Within 1-2 days |

**Comments:**

Recheck today's complaints

| With: | Address: | When: |
|---|---|---|
| PCP NO DOCTOR | BROAD & VINE STREET<br>PHILADLEPHIA, PA 19102 | Within 1-2 days |

**If you should have any difficulty making arrangements**, please call the Emergency Department. If you have a problem and are not able to contact your primary care provider, you may return to the Emergency Department at any time.

**PATIENT EDUCATION INFORMATION GIVEN:**

Shoulder Rehab Exercises-SportsMed; Shoulder Pain, Easy-to-Read; Muscle Strain, Easy-to-Read; RICE for Routine Care of Injuries, Easy-to-Read; Contusion, Easy-to-Read; Shoulder Sprain

**IMMUNIZATIONS:**

**MAJOR TESTS AND PROCEDURES:**

**Laboratory Orders**

No laboratory orders were placed.

**Radiology Orders**

| Name | Status |
| --- | --- |
| CT Spine Cervical W/O Contrast | InProcess |
| XR Knee 4 View Minimum Right | InProcess |
| XR Shoulder Complete Min 2 Views Right | InProcess |

**Cardiology Orders**
No cardiology orders were placed.

| Order Name | Order Details |
| --- | --- |
| Discharge Patient | Discharge To: Home<br>Discharge Diet: Resume Home Diet<br>Discharge Activity: Resume Home Activity<br>Special Instructions: Follow-up with primary doctor as discussed. Return to ED for worsening of symptoms |

MEDICATIONS:

*Your discharge prescriptions may be printed, or transmitted electronically to the pharmacy If there are any issues with your prescriptions, please call the Emergency Department. If you received a prescription for medication(s) today it is important that when you fill this you let the pharmacists know all the other medications that you are on and any allergies you might have. It is also important that you notify your follow-up physician of all your medication including the prescriptions you may receive today.*

**Additional Medications**

**Printed Prescriptions**

**cyclobenzaprine (Flexeril 10 mg oral tablet)** 1 tab, Oral, Three times a day, may cause drowsiness, 5 day, As Needed, Muscle Pain, Refills: 0
Last Dose Given____________________Take next dose____________________

**ibuprofen (ibuprofen 600 mg oral tablet)** 1 tab, Oral, Three times a day, not to exceed 3200 mg/day with food or milk, 14 day, As Needed, as needed for pain, Refills: 0
Last Dose Given____________________Take next dose____________________

FINAL ACTIVE MEDICATION LIST:

*We have provided this final list of active medications as a courtesy so that you can easily update your home records and provide to your physician(s). These are the only medications that you should be taking.*

**cyclobenzaprine (Flexeril 10 mg oral tablet)** 1 tab, Oral, Three times a day, may cause drowsiness, 5 day, As Needed, Muscle Pain, Refills: 0

**ibuprofen (ibuprofen 600 mg oral tablet)** 1 tab, Oral, Three times a day, not to exceed 3200 mg/day with food or milk, 14 day, As Needed, as needed for pain, Refills: 0

*Please review carefully and let us know if you have any questions or concerns.Take only the medications listed above. Contact your primary care provider prior to taking any medications NOT on this list.*

# **Exhibit D**

(Philadelphia County Sheriff's Department complaint application.)



# OFFICE OF THE SHERIFF

## CITY & COUNTY OF PHILADELPHIA

Land Title Building
100 South Broad Street, 5th Floor, Philadelphia, PA 19110
**The Honorable Jewell Williams, Sheriff**

# REAL ESTATE CONSTITUENT REPORT

**DATE OF CALL:** 4/13/2017 **TIME:** 4PM

**REFERRED BY:** ______ **BOOK/WRIT#** ______

## CONSTITUENT INFORMATION:

**NAME:** Jonathan Valentin **CONTACT TELE.#** 215-214-9431

**ADDRESS:** 1110 Elbridge St. Phila, PA. **E-MAIL:** Jonathanvltn@Aol.com

## CONSTITUENT INQUIRY

___ Status of Property ___ Deed Matter ___ Liability Matter

___ Accounting Matter ___ Workshop Inquiry ✓ Other: Police misconduct.

**BRIEF DESCRIPTION OF PROBLEM**

On March 19 2017, Sunday while in the Philadelphia Family court house on 1501 Arch st I was attacked by a Sheriff department officer.

**RESOLUTION:**

Still unresolved

**REFERRED TO FOR FURTHER RESOULTION /COMPLETION:**

______

| | | Date of Service(s) |
|---|---|---|
| **Initial Constituent Inquiry Received By:** | Sgt. Brown | 04/13/17 |
| **Constituent Matter Handled By:** | | |
| **Constituent Matter Resolved By:** | | |

**PLEASE MAINTAIN ALL FILES, REPORTS AND FORMS REGARDING CASE**

**All Completed Forms should be returned to:** RICK TYER

REVISED: April 3, 2017
FORM: Real Estate Constituency Form

**Real Estate Constituent Report:**

**ADDITIONAL INFORMATION**

The incident took place at 1501 Arch st on Sunday March 19 2017 3 pm. I was at the family court house visiting my son and was asked to come back the following week for ~~too~~ being late. While speaking with the court staff officer Murphy badge #609 become violent and unprofessional, I asked him for his badge number and he attacked me. I was placed into ~~custody~~ custody till the next day for assulting an officer and then set free the following day. Please investigate, thank you.

Their were two family court house staff employees present while the incident took place ~~to~~ along with ~~other~~ another sheriff's officer named Rodriguez

[signature]

04/13/2017

**Intake Form Questionnaire:**

Last name, first name: Valentin Jonathan

Date: 03/26/2017

Address: 1110 Elbridge St.
Phila PA. 1911

Home telephone: 215-214-9431 / 267-591-8204

Work telephone:

Cell phone:

Home e-mail address: jonathanVltn@Aol.com

Best time to call: Evening

Your age: 34

Date of Birth: 09/22/1982

Your salary or hourly rate of pay: N/A

Describe how you feel your rights were violated or explain the issue about which you are concerned:

On March 19 Sunday 2017 I was attacked by a Sheriff's department police officer inside the custody court house on 1501 Arch St Phila PA Center City South Philadelphia location. The officer's badgenumber is 1609 and his name is Murphy. This happened during my supervised custody appointment sometime around 3pm. I showed up 20 minutes late after calling the court house and my son's mother to inform them and the court

employees told my son's mother she had to leave. I met with my son's mother, Rebbecca lynn Mastrobatistta and my son Christian James Valentin outside of the court house and after speaking with them we spoke with the court staff. At this time the officer, badgenumber 1609, last name Murphy came over to release the court employees from the sing in booth. I asked if I could please still see my son during my visiting hours. My visiting hours are from 2:30 p.m till 4:30 pm every other Sunday, case identification number OC, ______. The officer began to make fun of me in front of my son. I asked him for his badgenumber then he attacked me and placed me under arrest. I was sent to the hospital's ER due to a neck injury and charged with assulting a police officer. The charges were droped and I was sent home with medication. It's been one week since the attack took place and my neck injury is increase in pain. I have to go to my doctor for an MRI and for treatment, please help, thankyou. I was placed in a chock hold and thrown into a wall then on the floor, all while holding my book bag. This happened in front of several cameras inside and outside of the court house.

When (on what date) did these events occur?

March 19, 2017

Were you falsely arrested? Are there currently charges against you?

Yes, charges were droped.

Please be specific.

Online and yellow pages.

# Exhibit E

(Social security disability claim, final date of judgment.)

SOCIAL SECURITY ADMINISTRATION

Refer To:
Jonathan Valentin

Office of Hearings Operations
Suite 250
8380 Old York Road
Elkins Park, PA 19027-1540
Tel: (866)964-7369 / Fax: (215)887-0541

January 22, 2019

Jonathan Valentin
1110 Elbridge Street
Philadelphia, PA 19111

## NOTICE OF HEARING

**Please bring this notice with you, and arrive at least 30 minutes prior to your hearing.**

You may also review your file on the day of your hearing if you come in at least 60 minutes before the time set for your hearing. Please call us in advance if you will need more than 30 minutes to review your file.

I have scheduled your hearing for:

**Day:** Thursday **Date:** April 25, 2019 **Time:** 11:00 AM Eastern (ET)

**Room:** 6 **Address:** 8380 Old York Road
Suite 250
Elkins Park, PA 19027

**It Is Important That You Attend Your Hearing**

I have set aside this time for you to tell me about your case. If you do not attend the hearing and I do not find that you have a good reason, I may **dismiss** your request for hearing I may do so without giving you further notice.

You may ask us if you want to appear by telephone. I will grant your request if I find that extraordinary circumstances prevent you from appearing in person or by video teleconferencing.

You **must** bring valid picture identification (ID) to your hearing Examples of acceptable picture ID include a:

- **Current and valid U.S. State driver's license;**

Form HA-83 (04-2015)
Claimant

**Suspect Social Security Fraud?**
**Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).**

See Next Page



Office of Appellate Operations
5107 Leesburg Pike
Falls Church, VA 22041-3255
Telephone. (877) 670-2722
Date: September 6, 2019

Jonathan Valentin
1110 Elbridge Street
Philadelphia, PA 19111

Dear Mr. Valentin:

We have granted your request for more time before we act on your case.

**You May Send More Information**

You may send us a statement about the facts and the law in this case or additional evidence. We consider additional evidence that you show is new, material, and relates to the period on or before the date of the hearing decision You must also show there is a reasonable probability that the additional evidence would change the outcome of the decision. You must show good cause for why you missed informing us about or submitting it earlier.

**We Will Not Act For 25 Days**

If you have more information, you must send it to us within 25 days of the date of this letter We will not allow more time to send information except for very good reasons.

Our address and FAX number are:

| | |
|---|---|
| **ADDRESS:** | Appeals Council<br>ATTN: Branch 8, Suite 1002<br>5107 Leesburg Pike<br>Falls Church, VA 22041-3255 |
| **FAX:** | (703)605-7611, Attn: Branch 8 |

***Put your Social Security Number on your request.***

***If you send us anything by fax, please do not send duplicates by mail. That may delay processing your claim.***

**What Happens Next**

If we do not hear from you within 25 days, we will assume that you do not want to send us more information. We will then proceed with our action based on the record we have.

See Next Page

# CERTIFICATE OF SERVICE

I, *Jonathan Valentin* hereby certify that a true and correct copy of the foregoing Civil Complaint and all accompanying papers, were served on the below listed addresses by USPS mail on, 10/02/2019.

**Service by USPS mail addresses as follows:**

**Philadelphia County Sheriff's Department**
100 South Broad Street, 5th Floor,
Philadelphia, PA 19110
(215) 686-3530

**U.S. Clerk of Court,**
**Eastern District Pennsylvania**
James A. Byrne U.S. Courthouse
Room 2609
601 Market Street
Philadelphia, PA 19106
(215) 597-2995

Sincerely, Jonathan Valentin

*Jonathan Valentin*

**Jonathan Valentin**
1110 Elbridge St.
Philadelphia, PA 19111
215-214-9432
jonathanvitn@aol.com