**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JONATHAN VALENTIN, | : |
|                Plaintiff, | :   CIVIL ACTION |
| v. | :   NO.   2:19-cv-01175-GEKP |
| PHILADELPHIA COUNTY SHERIFF'S DEPARTMENT, ET AL., | :   JURY TRIAL DEMANDED |
|                Defendants. | : |

**ANSWER AND AFFIRMATIVE DEFENSES**

COME NOW Defendants, Philadelphia Office of the Sheriff, Deputy Sheriff Officer ("DSO") Derrick Murphy (incorrectly identified as "Derek Murphy" in the (Third) Amended Complaint), and DSO Amada Rogriguez (incorrectly idenfitied as "Amanda Rodriguez" in the (Third) Amended Complaint), by and through their attorney, Matthew Kevin Hubbard, Senior Attorney, and answer Plaintiff's (Third) Amended Complaint as follows:

1. DENIED. Plaintiff was not attacked by a deputy sheriff on March 19, 2017, inside the Philadelphia County Family Court building located at 1501 Arch Street, in Philadelphia, Pennsylvania. Rather, Plaintiff was creating a disturbance while yelling at Family Court staff, and when he was escorted out of the building by DSO Murphy, Plaintiff assaulted DSO Murphy.

2. ADMITTED.

3. ADMITTED that Plaintiff was in the Family Court building for a visitation of his child, that he was late, and that he could not visit his child because he was late.

4. DENIED. Plaintiff was hostile, rude, offensive, and physically assaulted DSO Murphy.

5. ADMITTED.

6. ADMITTED that Court staff and DSO Rodriguez were present while Plaintiff was verbally aggressive towards DSO Murphy. Also, the biological mother of Plaintiff's child was present.

1

7. ADMITTED.

8. ADMITTED that Plaintiff arrived twenty minutes late for his court supervised visit that afternoon. Defendants DENY the remaining allegations because they lack sufficient knowledge or information to form a belilef in the truthfulness thereof. Strict proof thereof, if relevant, is demanded at the trial of this matter.

9. DENIED. Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph. Strict proof thereof, if relevant, is demanded at the trial of this matter.

10. DENIED. Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph. Strict proof thereof, if relevant, is demanded at the trial of this matter.

11. DENIED. Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph. Strict proof thereof, if relevant, is demanded at the trial of this matter.

12. DENIED. DSO Murphy did not make fun of Plaintiff in front of Plaintiff's son and his son's mother. To the contrary, Plaintiff's loud, verbally abusive language directed at court staff is what drew DSO Murphy's attention to Plaintiff. He approached Plaintiff, as Plaintiff was yelling at court staff, and told Plaintiff that yelling at court staff was not going to help. He then asked Plaintiff how he could help. DSO Murphy explained to Plaintiff why he was not going to have his visit and Plaintiff became loud, rude, offensive, and yelled at DSO Murphy in his face. At one point, Plaintiff shoved his cell phone into DSO Murphy's chest, and moments later, after he repeatedly called DSO Murphy a "fucking N-word," he jabbed DSO Murphy's chin with his cell phone. It was then that Plaintiff was arrested for assaulting DSO Murphy.

13. DENIED as stated. Plaintiff was not attacked by DSO Murphy. Rather, Plaintiff physically assaulted DSO Murphy, which resulted in Plaintiff's arrest.

14. ADMITTED that Plaintiff was transported to the 9th District, where his arrest was processed, and where he was detained until his release from custody.

15. DENIED.  Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

16. DENIED.  Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

17. DENIED.  Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

18. DENIED.  Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

19. DENIED.  Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

20. DENIED.  Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

21. DENIED.  Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

22. DENIED.  Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

23. DENIED. Defendants lack sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph. Strict proof thereof, if relevant, is demanded at the trial of this matter.

24. To the extent this paragraph contains Plaintiff's version of what happened in the Family Court building on March 19, 2017, Defendants specifically DENY the allegations.

25. ADMITTED that the Family Court building has surveillance cameras inside and outside of the building. Defendants lack sufficient knowledge or information to form a belief in whether or Plaintiff's assault on DSO Murphy was captured on video. Strict proof thereof is demanded at the trial of this matter.

26. There is no paragraph 26 immediately following paragraph 25.

27. DENIED. This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no responsse.

**Misnumbered ¶ 26 under "Points of Contact."** DENIED as impertinent.

**Misnumbered ¶ 27 under "Points of Contact."** DENIED as impertinent.

28. DENIED as impertinent

29. DENIED as impertinent.

30. There is no paragraph 30.

31. DENIED. This paragraph contains conclusions of law to which the Federal Rules require no response.

32. DENIED as impertinent.

33. DENIED as impertinent.

34. DENIED as impertinent.

35. DENIED. This paragraph contains conclusions of law to which the Federal Rules require no response.

36. DENIED as impertinent.

37. DENIED as impertinent.

38. DENIED.  This paragraph contains an expression of the relief Plaintiff seeks.

39. DENIED.  This paragraph contains an expression of the relief Plaintiff seeks.

40. DENIED.  This paragraph contains a request for a settlement conference.

WHEREFORE, Defendants respectfully demand judgment in their favor on all claims asserted by Plaintiff in his (Third) Amended Complaint, and request such other relief as the Court deems appropriate, including the cost of defending against the claims stated in the (Third) Amended Complaint.

## JURY DEMAND

Answering Defendants demand a jury trial pursuant to Fed. R. Civ. P. 38.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all times relevant to this civil action, the individual Defendants acted in good faith and in accordance with the law as deputy sheriff officers, and each officer is entitled to the defense of qualified immunity.

Respectfully submitted:

Date:  November 2, 2020            /s/ *Matthew K. Hubbard*
                                   **MATTHEW KEVIN HUBBARD**
                                   Senior Attorney
                                   City of Philadelphia Law Department
                                   Civil Rights Unit
                                   1515 Arch Street, 14th Floor
                                   Philadelphia, PA 19102
                                   (215) 683-5391  (Tel)
                                   (215) 683-5397  (Fax)
                                   *matthew.hubbard@phila.gov*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN VALENTIN,** : | |
| : | |
| **Plaintiff,** : | **CIVIL ACTION** |
| : | |
| v. : | **NO.   2:19-cv-01175-GEKP** |
| : | |
| **PHILADELPHIA COUNTY SHERIFF'S** : | **JURY TRIAL DEMANDED** |
| **DEPARTMENT, ET AL.,** : | |
| **Defendants.** : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing Answer and Affirmative Defenses was electronically filed, and was served upon Plaintiff *Pro Se* via U.S. Mail, postage prepaid, as follows:

**Jonathan Valentin**
**1110 Elbridge Street**
**Philadelphia, PA  19111**


Dated:  November 2, 2020          /s/ *Matthew K. Hubbard*
                                  MATTHEW KEVIN HUBBARD
                                  Senior Attorney

6