## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN VALENTIN,** | : | |
| Plaintiff | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 2:19-cv-01175-GEKP** |
| | : | |
| **PHILADELPHIA COUNTY SHERIFF'S** | : | |
| **OFFICE, ET AL.,** | : | |
| | : | |
| Defendants | : | |

### DEFENDANTS' OPPOSITION TO
### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Jonathan Valentin, after the close of discovery and the timely filing of a motion for summary judgment, seeks leave of Court to file a Fourth Amended Complaint. Pl.'s Mot. to Amend, ECF No. 36. For reasons both procedural and substantive, his request should be denied. These issues are addressed in turn.

### A. Plaintiff Fails to Establish Good Cause to Modify the Scheduling Order, and his Untimely Application to File an Amended Complaint Should Be Denied.

Plaintiff's application to file yet another amended complaint should be denied because it falls well outside the dates for amendment implicitly contemplated by the controlling scheduling order. Plaintiff does not, by his pleading, establish good cause for modifying this Order to permit such amendment, warranting denial of his motion to amend.

While Federal Rule of Civil Procedure 15(a) directs that courts should "freely give[] [leave to amend] when justice so requires," that rule is subject to the constraints of Rule 16, which directs that a scheduling order "may be modified only for good cause and with the judge's consent." *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 318 (3d Cir. 2020). Establishing good

cause to modify a case management order requires showing, at the very least, diligence and a reasoned basis for the modification of the order. *See id.* "While *pro se* litigants in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." *Bradley v. Rodriguez*, No. 15-2603, 2018 WL 1087498, at *3 (D.N.J. Feb. 28, 2018) (quoting *Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994)).

Plaintiff, proceeding *pro se*, filed suit on March 19, 2019. Compl., ECF No. 2. While awaiting service of his initial pleading by the United States Marshal Service, Mr. Valentin filed two amended pleadings, on April 26, 2019 and May 16, 2019, respectively. Am. Compl., ECF No. 6; Second Am. Compl., ECF No. 9. After motions practice, Mr. Valentin's third amended complaint was deemed filed on October 23, 2019. *See generally* Docket, 190-1175; *see also* Third Am. Compl., ECF No. 20. Defendants answered the operative pleading on November 2, 2020. Answer, ECF No. 25.

In due course, on January 5, 2021, this Court issued the Scheduling Order controlling the instant civil litigation. Sched. Order, ECF No. 28. Pursuant to that Scheduling Order, discovery closed on April 9, 2021 and summary judgment motions were due on May 21, 2021. Complying with this Order, Defendants timely filed a motion for summary judgment. *See* Mot. for Summ. J., ECF No. 31. Plaintiff, meanwhile, improperly filed amended pleadings on April 9 and June 10, 2021. Am. Compl., ECF Nos. 30, 33. Though the Court expressly directed Plaintiff to respond to the Motion for Summary Judgment by June 30 (Order, ECF No. 34), Plaintiff failed to comply with that Court Order and instead filed a motion to amend on July 8, 2021.[1]

---

[1] Defendants' Motion for Summary Judgment thus remains unopposed.

Plaintiff's motion fails to establish good cause to modify the existing scheduling order, and his application to file a fourth amended complaint should be denied.  Though the operative case management order does not contain a specific date by which an amended complaint may be filed, it does dictate the deadline by which summary judgment was due.  Summary judgment is, necessarily, sought on the claims raised by way of the operative pleading (here, the Third Amended Complaint) and explored through discovery.  Given that the deadlines for discovery and dispositive motions have "passed, and [Plaintiff has] not show[n] good cause," his application to further amend his complaint should be denied on this procedural basis.  *See Premier Comp Solutions, LLC*, 970 F.3d at 318.

**B.   The Court Should Grant Defendants' Motion for Summary Judgment**

Defendants timely filed a motion for summary judgment on all claims on May 20, 2021. By Order dated June 11, 2021, the Court ordered Plaintiff to file a response by June 30, 2021 or the Court will consider the motion for summary judgment unopposed.  Having failed to file a response to the motion, Plaintiff has violated the Court's Order.  Defendants, therefore, respectfully request the Court to grant the motion and dismiss Plaintiff's Third Amended Complaint with prejudice.

Respectfully submitted,

Dated: July 21, 2021

*/s/ Matthew K. Hubbard*

**MATTHEW KEVIN HUBBARD**
Senior Attorney
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5391 (tel)
(215) 683-5397 (fax)
matthew.hubbard@phila.gov

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN VALENTIN,** | : | |
| Plaintiff | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 2:19-cv-01175-GEKP** |
| | : | |
| **PHILADELPHIA COUNTY SHERIFF'S** | : | |
| **OFFICE, ET AL.,** | : | |
| | : | |
| Defendants | : | |

I, Matthew Kevin Hubbard, hereby certify that on this date, the foregoing Motion for

Summary Judgment was electronically filed and that I served a copy of the Motion and its

attachments on the plaintiff *pro se* via U. S. mail, postage prepaid as follows:

> Mr. Jonathan Valentin
> 1110 Elbridge Street
> Philadelphia, PA  19111

Dated: July 21, 2021

*/s/ Matthew K. Hubbard*
**MATTHEW KEVIN HUBBARD**
Senior Attorney
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5391 (tel)
(215) 683-5397 (fax)
matthew.hubbard@phila.gov