## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

JONATHAN VALENTIN,

       Plaintiff,                       CIVIL ACTION No. 19-CV-1175

       V.

PHILADELPHIA COUNTY SHERIFF'S

DEPARTMENT,

       Defendants,

_____

USDC-EDPA REC'D CLERK
2021 DEC 8 PM2:06

### Petition requesting allowance for late entry

1) Plaintiff, J.V is requesting the use of supplemental jurisdiction when

2) Petitioning for allowance of late entry pursuant to Federal rule of civil

3) Procedure 15(d).

4) Plaintiff. J.V.'s financial hardship and crisis along with the still current

5) Covid pandemic have made duplicating documents and securing resources

6) Unusually difficult for Plaintiff.

7) Continually Plaintiff, J.V.'s IFP statues have made practicing law and

8) Representing himself unusually difficult while managing through medical

9) And Financial demands as supported by exhibits (A) and (B) of this later

10) Entry petition.

11) For the reasons stated above Plaintiff is requesting allowance of late entry,

USDC-EDPA REC'D CLERK
2021 DEC 8 PM2:06

12) Thank you.

Sincerely, Jonathan Valentin

*Jonathan Valentin*

**Jonathan Valentin**
1110 Elbridge St.
Philadelphia, PA 19111
215-214-9432
jonathanvitn@aol.com

# Exhibit

# A

Mortgage lender's notice of title transfer

1 page



THE **NOBLE** GROUP, LLC

September 1, 2020

Mr. Jonathan Valentin
1110 Elbridge Street
Philadelphia PA 19111

Dear Mr. Valentin:

Central Penn Capital Management LLC, purchased 1110
Elbridge Street from U.S. Bank on August 21, 2020.

My client would like to have the property vacated within 30
days of the sale.

I am able to offer you financial assistance to vacate.  Please
contact me to discuss my offer.
discuss.

Sincerely,

Stacey L. Wettlaufer
717-859-3311 X 119

# Exhibit

# B

Primary care provider's outpatient physical therapy prescription

1 page

MEDICAL RECORD NUMBER
*101355604*

9880 Bustleton Avenue
Suite 301
Philadelphia, PA 19115
(215) 827–1553

PATIENT NAME:   **VALENTIN, JONATHAN**

DOB:  09/22/82
AGE:  39 Years

PREFERRED PHONE:  (215) 214–9431

ADMIT DATE:

HGT / WT:  /85 kg
SEX:  Male

ALLERGIES:   **No Known Allergies**

---

## ORDER:  Physical Therapy Evaluation and Treatment Outpatient

**ORDER DATE/TIME:**            10/22/21 08:55
**ORDERING MD:**               Abarintos MD, Ray
ORDER ENTERED BY:             Abarintos MD, Ray
ORDER NUMBER:                 4814864417

Requested Start Date/Time     **10/22/21 8:55:00 EDT**
Preliminary Diagnosis         **chronic neck pain**
Future Order                  **Yes**

Diagnosis:   Cervical myelopathy with cervical radiculopathy M47.12

**Abarintos MD, Ray**  (E–Sig.)
License Number #: MD470026
NPI #: 1417339516

ORDER   **PHYSICAL THERAPY EVALUATION AND TREATMENT OUTPATIENT** REFERRALREQ

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JONATHAN VALENTIN,

     Plaintiff,                                     CIVIL ACTION No. 19-CV-1175

     V.

PHILADELPHIA COUNTY SHERIFF'S

DEPARTMENT,

     Defendants,

---

## **Motion**

1) Plaintiff, J.V. is formally request leave to submit a fifth and final amended civil

2) Right violation complaint in the Pennsylvania Eastern District Federal Court;

3) Hereinafter also referred to as the Pa. (EDFC).

4) This Fifth and final amended civil rights violation complaint is filed and recorder

5) By the Pa. (EDFC's) U.S courthouse clerk of court on December 06th, 2021.

6) Plaintiff's motion for leave is in compliance with this courts Honorable Judge,

7) Gene E.K Pratter's prior formal notice filed and served on June 11th, 2021.

8) All mandates noted under Federal rule of civil procedure 15(a)(2), thank you.


Sincerely, Jonathan Valentin

*Jonathan Valentin*

**Jonathan Valentin**
1110 Elbridge St.
Philadelphia, PA 19111
215-214-9432
jonathanvitn@aol.com

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JONATHAN VALENTIN,

      Plaintiff,                 CIVIL ACTION No. 19-CV-1175

      V.

PHILADELPHIA COUNTY SHERIFF'S
DEPARTMENT,

      Defendants,

<u>Civil complaint</u>

A. <u>Procedural History</u>

1) On March 15th, 2019 Plaintiff, J.V. filed an initial complaint with the,

2) Pennsylvania Eastern District Federal Court, hereinafter also referred to

3) As the, Pa. (EDFC) alleging a civil rights violation against Plaintiff was

4) Committed by one, Philadelphia County Sheriff Department Deputy.

5) On March 25th, 2019 the, Pa. (EDFC) granted; Plaintiff; J.V.'s, In forma

6) Pauperis civil rights violation complaint and instructed Plaintiff to

7) Identify what rights and who in the Philadelphia County Sheriff's

8) Department violated Plaintiff's civil rights no later than thirty days from

9) The date of the notice or risk having the complaint dismissed.

10) On May 24th, 2019 the, Pa. (EDFC) issued notice to Plaintiff, J.V.

11) Accepting Plaintiff's second amended complaint and instructed Plaintiff

12) To complete form, USM-285 in order to have the US Marshalls serve

13) Respondent with a copy of the Plaintiff's complaint.

14) On August 28th, 2019 the, Pa. (EDFC) issued orders requesting Plaintiff,

15) J.V. to file a motion for leave to file an amended complaint no later than

16) Thirty days from the date of the courts notice in order for the court to

17) Formally accept Plaintiff's third and final civil right violation complaint.

18) On October 04th, 2019 Plaintiff received notice from the, Pa. (EDFC)

19) Denying Plaintiff's September 30th, 2019 motion for leave to file an

20) Amended complaint and instructing Plaintiff to attach the third

21) Amended complaint to the motion for leave to file an amended

22) Complaint in order for the court to accept the motion and the complaint

23) No later than twenty one days from the date of the courts notice.

24) On October 22nd, 2019 the, Pa. (EDFC) issued notice allowing Plaintiff's

25) Third and final amended complaint.

26) As of October 22nd, 2019 Plaintiff, J.V. has filed a third and final

27) Amended civil rights violation complaint in the, Pa. (EDFC) alleging

28) Misconduct, assault and wrongful arrest by one Philadelphia County

29) Sheriff Department Deputy.

30) On October 13th, 2020 the, Pa. (EDFC's) honorable Judge, Gene E.K.

31) Pratter order Defendant to file a response to Plaintiff, J.V's.

32) October 22nd, 2019 third and final amended civil rights violation

33) Complaint no later than twenty one days from the day of the courts

34) October 13th, 2020 final order.

35) On November 02nd, 2020 the Philadelphia County's Sheriff Department

36) Filed an initial response to Plaintiff. J.V's. October 22nd, 2019 third and

37) Final amended civil rights violation complaint.

38) On November 04th, 2020 this courts honorable Judge, issued orders

39) Instructing all parties involved in this complaint to prepare and submit

40) A pretrial conference memorandum no later than twenty one days from

41) The date of this courts November 04th, 2020 final entry and in

42) Compliance with local Federal rule 16, Federal rule of civil procedure

43) 26, 34 and 53 and Federal rule of Evidence 502.

44) Finally in compliances with this courts January 5th, 2021 order to

45) Produce and submit all compelling evidence no later than

46) April 9th, 2021; Plaintiff, J.V. filed new evidence on April 7th, 2021 for

47) The record.

48) Continually, Plaintiff, J.V. was also instructed to submit a response to Defendant's

49) May 20th, 2021 Motion for Summary Judgement no later than June 30th, 2021 or

50) Risk having his complaint dismissed.

51) Furthermore; Plaintiff, J.V. filed a response to Defendants Motion for Summary

52) Judgement for the record on June 6th, 2021 and was further order by this courts

53) Honorable Judge to file a Motion requesting leave to submit a new and fourth

54) Amended Complaint as of June 8th, 2021 for the court to consider the entry filed on

55) The record According to Federal rule of civil procedure 15(a)(2).

56) In compliance with this court June 08th, 2021 honorable Judge's orders,

57) Plaintiff is currently submitting the following entry for the second time on the record

58) As of June 09th, 2021 In response and Opposition to Defendant's Motion for

59) Summary Judgment.

60) On July 15th, 2021 the, Pa. (EDFC) issued notice rescheduling the Final Pretrial

61) Conference previously set from July 26, 2021 and moved to October 04th, 2021.

62) On October 04th, 2021 the, Pa. (EDFC's) Honorable Judge, Susan Flaherty ordered

63) All parties in this matter to submit all final entries for the record no later than

64) November 19th, 2021.

65) On October 25th, 2021 the City of Philadelphia's law Department filed new evidence

66) For the record in support of Defendant's May 20th, 2021 Motion for Summary

67) Judgement.


B. <u>Factual Background</u>

1) On Sunday March 19th, 2017 Plaintiff, J.V. was attacked by a Sheriff

2) Department deputy while inside the Philadelphia County Family Court

3) Building located on, 1501 Arch St. Philadelphia, PA. 19107.

4) The incident took place around 3pm inside the Philadelphia Family

5) Court building.

6) Plaintiff was in the family court building visiting his son and was asked

7) By a county court nursery clerk to come back the following scheduled

8) Weekend due to his late arrival.

9) Defendant, Officer Mr. Murphy, badge no. 609 became violent and

10) Unprofessional.

11) Plaintiff asked Defendant for his bag number, Defendant then attacked

12) Plaintiff.

13) Plaintiff, J.V. was placed in custody until the next day and accused of

14) Assaulting a police officer.

15) There were two family court house nursery clerks present during the

16) Incident along with a second Sheriff Deputy officer, Ms. Rodriguez,

17) Badge no. 502.

18) This incident took place during one of Plaintiff's biweekly, court

19) Ordered, weekend court visits.

20) Plaintiff showed up twenty minutes late after calling the courthouse

21) And his son's mother to inform them of his estimated late arrival.

22) Upon Plaintiff's late arrival, he learned through his son's mother of the

23) Nursery clerk's decision to force his son's mother outside of the

24) Building before the attendance sheet, singing booth and main

25) Entrances were closed to the general public.

26) After learning of the incident, Plaintiff's son's mother and Plaintiff

27) Returned to the family court building.

28) Both Plaintiffs son's mother and Plaintiff were allowed to sing the

29) Attendance sheet behind the sing in booth after speaking with a nursery

30) Clerk still available in the first floor, in order to get credit for the

31) Day's activities but were denied entry past the metal detectors and into

32) The nursery room on the second floor by one Sheriff department

33) Deputy, Defendant officer Mr. Murphy, badge no. 609.

34) Plaintiff then asked the nursery clerk if he could still see his son during

35) His scheduled visiting hours.

36) Plaintiff's visiting hours were 2:30pm till 4:30pm as court ordered for

37) Every other Sunday, supported by evidence previously made available

38) To the record under; exhibit, (A) One Philadelphia County, family court

39) Order.

40) The Sheriff's department deputy, Defendant Officer Mr. Murphy, badge

41) No. 609 began to make fun of Plaintiff while in front of Plaintiff's son

42) And Plaintiff's son's mother, at this time Plaintiff's son's mother became

43) Frighten and exited the building stating she would contact Plaintiff later

44) In the week to make other arraignments.

45) Plaintiff asked Defendant, Officer Mr. Murphy, badge no. 609 for his

46) Badge number then Defendant attacked Plaintiff and placed Plaintiff

47) Under arrest supported by evidence previously made available to the record under

48) Exhibit, (B) one D.C. incident report no, 17-09-10325.

49) Plaintiff was sent to the Philadelphia 9th district police department

50) After speaking with a white collar senior officer from the Philadelphia

51) County's Sheriff's Department as supported by evidence previously

52) Made available to the record under; exhibit, (C) one city of Philadelphia

53) 9th District Police Department property receipt.

54) Plaintiff was then sent to the Hahnemann University hospital's

55) Emergency room for treatment of a neck injury sustained during the

56) Initial arrest and charged with assaulting a police officer as supported

57) By evidence previously made available to the record under exhibit, (B) one D.C.

58) Incident report no, 17-09-10325.

59) The charges were dropped and Plaintiff was sent home after three

60) Separate radiology sessions involving Plaintiff's neck, shoulder and

61) Knee.

62) Plaintiff spent a total of two hours in the hospital from 7:30pm until

63) 9:30pm and nine hours inside a holding cell while nursing his injuries

64) Prior to being released sometime around 6:00am Monday morning the

65) Following day.

66) Plaintiff was given prescription medication for both pain and swelling as

67) Follows, cyclobenzaprine 10mg, 20 tablets and Ibuprofen 3200mg, 42

68) Tablets as supported by evidence previously made available to the

69) Record under; exhibit, (D) one 5page Hahnemann University Hospital,

70) Emergency room intake and discharge report.

71) It's been almost four years and two separate attempts to resolve the

72) Matter directly through the Philadelphia County Sheriff's Department

73) Since the initial incident took place without any success.

74) Plaintiff's first attempt to resolve the matter dates back to April 13th,

75) 2017 when Plaintiff first spoke and then completed a complaint

76) Application inside The Philadelphia County's Sheriff's Department with

77) The help of a senior staff member by the name of Sgt. Mrs. Angela

78) Brown as supported by evidence previously made available to the

79) Record under; exhibit, (E) one Philadelphia County Sheriff's

80) Department complaint application.

81) The second attempt was a little less than two year ago as of March 15th,

82) 2019 when again Plaintiff attempted to make contact with a supervising

83) Staff members inside the Philadelphia County's Sheriff's Department to

84) Resolve the conclusion of a successful investigation but was met

85) Without any cooperation by the Philadelphia county's Sheriffs

86) Department.

87) It's now been more than four years since the original incident took place

88) And Plaintiff, J.V. is still receiving medical treatment and medication for

89) Injuries sustained during the initial incident including, Cervical

90) Radiculitis, Cervical disc misalignment, Patellofemoral pain syndrome

91) And Patellachondromalacia.

92) Current medication includes the following, Diclofenac 100mg for neck

93) Pain, thirty tablets, Gabapentin 300mg for back pain, ninety tablets and

94) Oxybutynin 60mg for muscle tension, sixty tablets.

95) Plaintiff was grabbed by his neck while wearing a winter coat and a

96) winter hoodie, placed in a choke hold and thrown into a wall and then

97) Onto the floor all while carrying a book bag in one hand and a gift bag in

98) The other hand.

99) This happened in front of several cameras inside and outside of the

100) Philadelphia County's family court building.

C. Factual Allegations

1) Plaintiff alleges Excessive use of force, Title 10 U.S. Code § 914 - Art. 114.

2) Endangerment offenses, Title 18 Pa. C.S. § 2705 reckless endangerment.

3) Title 10 U.S. Code § 928 – Art. 128, Assault, simple assault, aggravated assault.

4) Title 18 U.S. Code § 113, Assaults within maritime and territorial jurisdiction.

5) Title 18 U.S. Code § 1001, Title 18 U.S. Code § 1038 false information, filing false

6) Charges, Fourth amendment unreasonable search and seizer and wrongful Arrest.

7) Title 42 U.S. Code § 1983, First amendment deprivation of liberty, abridging

8) Plaintiff's freedom of speech, right to peaceably assemble and to petition the

9) Government for a redress of grievances.

10) Retaliatory prosecution under the Fifth amendment due process, provided by the

11) United States Constitution and Federal statutes law.


D. <u>Underlining Charges</u>

1) First amendment violations under, freedom of speech,

2) Peaceful gathering, depravation of civil liberty and redress of grievance.

3) Fourth amendment unreasonable search and seizer.

4) Fifth amendment violation of due process due process.

5) Simple assault, Title 18 U.S.C. § 113, U.S. Code Title 18 crimes and criminal

6) Procedure § 113, assaults within Maritime and territorial jurisdiction.

8) (a) Whoever, within the special maritime and territorial jurisdiction of

9) The United States, is guilty of an assault shall be punished as follows: (1)

10) Assault with intent to commit murder or a violation of section 2241 or

11) 2242, by a fine under this title, imprisonment for not more than 20

12) Years, or both. (2) Assault with intent to commit any felony,

13) Except murder or a violation of section 2241 or 2242, by a fine

14) Under this title or imprisonment for not more than ten years, or

15) Both.

16) (3) Assault with a dangerous weapon, with intent to do

17) Bodily harm, by a fine under this title or imprisonment for not more

18) Then ten years, or both. (4) Assault by striking, beating, or wounding, by

19) A fine under this title or imprisonment for not more than 1 year, or

20) Both.

21) (5) Simple assault, by a fine under this title or imprisonment for not

22) More than six months, or both, or if the victim of the assault is an

23) Individual who has not attained the age of 16 years, by fine under this

24) Title or imprisonment for not more than 1 year, or both. (6) Assault

25) Resulting in serious bodily injury, by a fine under this title or

26) Imprisonment for not more than ten years, or both.

27) (7) Assault resulting in substantial bodily injury to a spouse or intimate

28) Partner, a dating partner, or an individual who has not attained the age

29) Of 16 years, by a fine under this title or imprisonment for not more than

30) 5 years, or both.

31) (8) Assault of a spouse, intimate partner, or dating partner by

32) Strangling, suffocating, or attempting to strangle or suffocate, by a fine

33) Under this Title, imprisonment for not more than 10 years, or both.

34) Reckless endangerment, Title 18 Pa. C.S. § 2705 is a more serious charge,

35) Most commonly used when the endangering act is serious and risky

36) Enough that it could result in serious injury or death to another person.

37) Reckless endangerment is typically categorized as a felony, which can

38) Carry with it penalties of more than 1 year in prison if convicted of the

39) Offense.

40) Reckless Endangerment Law and Legal Definition

41) Reckless endangerment is a crime consisting of acts that create a

42) Substantial risk of serious physical injury to another person.

43) The accused person isn't required to intend the resulting or potential

44) Harm but must have acted in a way that showed a disregard for the

45) Foreseeable consequences of the actions.

46) The charge may occur in various contexts such as, among others,

47) Domestic cases, car accidents, construction site accidents, testing sites,

48) Domestic and child abuse situations and hospital abuse.

49) Title 42 U.S. Code § 1983. Civil action for deprivation of rights; under the First

50) Amendment.

51) Every person who, under color of any statute, ordinance, regulation,

52) Custom, or usage, of any State or Territory or the District of Columbia,

53) Subjects, or causes to be subjected, any citizen of the United States or

54) Other person within the jurisdiction thereof to the deprivation of any

55) Rights, privileges, or immunities secured by the Constitution and laws,

56) Shall be liable to the party injured in an action at law, suit in equity, or

57) Other proper proceeding for redress, except that in any action brought

58) Against a judicial officer for an act or omission taken in such officer's

59) Judicial capacity, injunctive relief shall not be granted unless a

60) Declaratory decree was violated or declaratory relief was unavailable.

61) For the purposes of this section, any Act of Congress applicable

62) Exclusively to the District of Columbia shall be considered to be a

63) Statute of the District of Columbia.

64) Title 18 U.S. Code § 1001 Statements or entries generally and

65) Title 18 U.S. Code § 1038 False information and hoaxes.

66) (a) Except as otherwise provided in this section, whoever, in any matter within the

67) Jurisdiction of the executive, legislative, or judicial branch of the Government of the

68) United States, knowingly and willfully—

69) (1) Falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

70) (2) Makes any materially false, fictitious, or fraudulent statement or representation; or

71) (3) Makes or uses any false writing or document knowing the same to contain any 71)

72) Materially false, fictitious, or fraudulent statement or entry;

73) Shall be fined under this title, imprisoned not more than 5 years or, if the offense 73)

74) Involves international or domestic terrorism (as defined in <u>section 2331</u>), imprisoned

75) Not more than 8 years, or both. If the matter relates to an offense under chapter 109A,

76) 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under

77) This 76 Section shall be not more than 8 years.

78) (b) Subsection (a) does not apply to a party to a judicial proceeding, or that party's

79) Counsel, for statements, representations, writings or documents submitted by such

80) Party or counsel to a judge or magistrate in that proceeding.

81) (c)With respect to any matter within the jurisdiction of the legislative branch,

82) Subsection (a) shall apply only to—

83) (1) administrative matters, including a claim for payment, a matter related to the

84) Procurement of property or services, personnel or employment practices, or support

85) Services, or a document required by law, rule, or regulation to be submitted to

86) The Congress or any office or officer within the legislative branch; or

87) (2) any investigation or review, conducted pursuant to the authority of any

88) Committee, subcommittee, commission or office of the Congress, consistent with

89) Applicable rules of the House or Senate.


E. <u>Response to Defendants initial argument</u>

1) In Defendants memorandum of law in support of The Philadelphia Office of

2) The Sheriff herein after also referred to as, (POS's) motion for Summary

3) Judgement under section two; page 2, 3 and 4, Defendant mentions lack of

4) Affirmative evidence as a cause for dismissal without consideration for

5) Plaintiff's fifty-three-page evidence package made available for

6) Examination as recent as June 8th, 2021 in response to Defendant's

7) May 20th, 2021 latest action on the record as supported by Exhibits, (A-C) of

8) Plaintiff's June 8th, 2021 entry on the record and Defendant POS's October 25th, 2021

9) Video evidence.

10) Continually on page 2 and section four; part B, page 8, 9 and part F, page 14 and

11) 15 of Defendant, "POS's" memorandum of law Defendant identifies criminal

12) Proceedings wherein the "POS" initiated legal action by detaining Plaintiff,

13) Confiscating Plaintiff's property supported by Exhibit, (C) of Plaintiff's June 8th,

14) 2021 final entry on the record and in violation of The Fourth amendment, Title 28

15) U.S. Code § 2680 and filing false charges against Plaintiff without probable cause

16) In violation of Title 18 U.S. Code § 1001, Title 18 U.S. Code § 1038 False

17) Information and hoaxes as lacking in affirmative evidence again not consistent with

18) Plaintiff's June 8th, 2021 and Defendant's May 20th, 2021 actions on the record.

19) Probable cause to justify an arrest as more than an agency's

20) Unconstitutional practices, custom or policy would consist of all the

21) Convicting and formal statements of the witnesses at the scene of the

22) Incident on the record prior to transporting Plaintiff to the Philadelphia 9th

23) District police department for detention.

24) Statements lacking consistency and witness testimony absent from the

25) Record as demonstrated by Defendant, "POS's" May 20th, 2021 entry for

26) Summary Judgment under, Exhibit (A), (B-1), (C-1) arrest memo for

27) Deputy Sheriff Officer, hereinafter also referred to as, (DSO) "Rodriquez"

28) But no Exhibit (C-2), (D), (E) or (F) for (DSO) "Murphy's" arrest memo

29) Or for court staff, Glenda Garland and Monique Servio which do not

30) Amount to a Summary Judgement judicial ruling in Defendants "POS's" favor.

31) In continuance, Defendant also mentions the deadline for discovery ending

32) On June 18th, 2021 without taking into account Plaintiff's June 8th,

33) 2021 action on the record wherein Plaintiff request additional time to secure

34) Video surveillance footage from inside the Philadelphia Family Court

35) Building.

36) Furthermore, on Page 3 of Defendants memorandum of law; Defendant,

37) "POS" mentions retaliation, personal gain, false arrest and malicious

38) Prosecution which are all supported by Plaintiff's, filing false charges

39) Allegations of assaulting a police officer again in violation of The Fourth

40) Amendment Title 18 U.S. Code § 1001, Title 18 U.S. Code § 1038 False Information

41) And hoaxes as the driving motive for initiating the arrest.

43) In continuance, on page 3; Defendant, "POS" addresses unreasonable use of

44) Force; supported by Plaintiff's June 8th, 2021 entry on the record under

45) Exhibit; (D) and (F) medical evidence.

46) Defendant "POS" additionally mentions The First amendment supported by

47) Plaintiff's Title 42 U.S Code § 1983 claims and private right of action wherein

48) Defendant "POS" offers one 1992 Pennsylvania Eastern District court and one

49) 2002 Pennsylvania superior court final entry dismissing federal charges for failure

50) To state a claim upon which relieve could be granted as binding and without

51) Argument.

52) Notably; Defendant fails to demonstrate how either of these lower court rulings

53) Support lack of right to private action when addressing a state or county agency

54) For relieve in Federal court based on civil right violations and unconstitutional

55) Custom, practice and policies.

56) On page 4 and section four; part B, page 8 Defendant continues by addressing

57) The First, Fourth and Fifth amendment's due process clause wherein Plaintiff was

58) Detained but never summoned to appear in court for a formal disposition

59) Dismissing all charges or arraignment again in support of Plaintiff's

60) Unconstitutional agency private right to action, custom, practice and or policy

61) Which applies to every level of government when discussing whether citizens

62) Are entitled to private right of action and relive when claiming Constitutional law.

63) Finally on page 14 of Defendants memorandum of law dated May 20th, 2021

64) Defendant, "POS" addresses lack of affirmative evidence not consistent with

65) Defendant's evidence package under, Exhibit (A-C) and in Plaintiff's June 8th,

66) 2021 final entry on the record under Exhibit (D) both the District attorney's

67) Interviews and the Hahnemann University hospital intake report are less then an

68) Hour apart from one another in support of Plaintiff's claims of having been under

69) Police custody while escorted to the hospital for treatment of injuries.

70) Defendant addresses The First amendment protected activity on

71) Page 14 supported by Exhibit, (A) one Philadelphia family court order.

72) In conclusion, Plaintiff's cause for actions taken are stated directly below in

73) Section; F; of this entry and titled, Cause for actions taken; were in

74) Plaintiff, J.V. seeks monetary relief in the amount of $120,000.00 for

75) Four years of pain and suffering caused by the Philadelphia County

76) Sheriff's Department's unwarranted assault and arrest.

F. Cause for Actions Taken

1) Plaintiff is seeking recoverable damages and compensatory remedies

2) Adding up but not limited to a total of $120,000.00 dollars for financial

3) Obligations, personal and household expenses and loss of income

4) Accrued from 2017 through 2019 along with all pending penalties

5) Attached to a guilty verdict of any and or all allegation charges being

6) Brought forth in this court.

7) Plaintiff is seeking recoverable damages and or compensatory

8) Remedies in the form of financial compensation adding up but not

9) Limited to four years worth of fulltime earned income at hourly wage

10) Prior to employment hardship plus yearly expenses before taxes

11) Doubled due to fulltime direct hire employment hardship (2017-

12) 2019), ability to earn income hardship (2017-2019), ongoing financial

13) Expenses (2017-2019), ongoing personal expenses (2017-2019),

14) Ongoing medical treatment and medical condition, effort, hardship and

15) Burden (2017-2019) as supported by evidence previously made

16) Available to the record under; Exhibits, (D)(F)(G)(J) and (O) one social

17) Security disability benefit claim, final agency appeal application and

18) Instructions along with any and or all bending legal fees and legal

19) Penalties upon final judgment by this court, thank you.

G. <u>Conclusion</u>

1) Plaintiff, J.V. is requesting leave until July 26th, 2021 to continue his

2) Efforts securing video surveillance footage from inside the Philadelphia

3) Family court building as supported by evidence previously made available to the

4) Record on April 7th and June 8th, 2021under Exhibits (A-O), thank you.

Sincerely, Jonathan Valentin

*Jonathan Valentin*

**Jonathan Valentin**
1110 Elbridge St.
Philadelphia, PA 19111
215-214-9432
jonathanvitn@aol.com

Proof of service

U.S. POSTAL SERVICE      **CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:

Jonathan Valentin

1110 Elbridge

Phila PA

One piece of ordinary mail addressed to:

_____

_____

_____

Affix fee here in stamps
or meter postage and
post mark. Inquire of
Postmaster for current
fee.

PS Form 3817, Mar. 1989



UNITED STATES
POSTAL SERVICE®

1000

U.S. POSTAGE PAID
FCM LG ENV
PHILADELPHIA, PA
19149
DEC 06, 21
AMOUNT
**$1.65**
R2305K142333-85

## CERTIFICATE OF SERVICE

I, *Jonathan Valentin* _____ hereby certify that a true and correct copy of the foregoing civil complaint and all accompanying papers, were served on the below listed addresses by the, US Marshalls on, ___12/06/2027_____.

## Service by US Marshalls addresses as follows:

**Philadelphia County Sheriff's Department**
100 South Broad Street, 5th Floor,
Philadelphia, PA 19110
(215) 686-3530

**City of Philadelphia**
**Law Department**
Diana P. Cortes – City Solicitor
Matthew Kevin Hubbard – Senior Attorney
Civil Rights Unit 14th Floor
One Parkway
1515 Arch Street
Philadelphia, Pa. 19102-1595
(215) 683-5391- fax (215) 682-5397

**U.S. Clerk of Court,**
**Eastern District Pennsylvania**
James A. Byrne U.S. Courthouse
Room 2609
601 Market Street
Philadelphia, PA 19106
(215) 597-2995

Sincerely, Jonathan Valentin

*Jonathan Valentin*

**Jonathan Valentin**
1110 Elbridge St.
Philadelphia, PA 19111
215-214-9432
jonathanvitn@aol.com