### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN VALENTIN,<br><br>*Plaintiff*,<br><br>v.<br><br>PHILADELPHIA COUNTY SHERIFF'S DEPARTMENT *et al.*,<br><br>*Defendants*. | Civil Action<br><br>No. 19-cv-1175 |

## ORDER

**AND NOW**, this 30th day of December, 2024, upon consideration of Plaintiff's Motion to Extend Deadlines (ECF No. 130), and Defendant's Response in Opposition (ECF No. 109), I find as follows:

1. On November 4, 2024, I held a status call in this *pro se* civil rights matter. On that call, Plaintiff explained that he was ready to proceed to trial on January 13, 2025. Plaintiff indicated that he would be able to travel from Milwaukee to Philadelphia for trial. I advised Plaintiff that he was required to comply with my Orders.

2. Per the Scheduling Order, pretrial memoranda and motions *in limine* were due by December 6, 2024. (ECF No. 118.) On December 2, 2024, I granted Plaintiff's first request for additional time to comply with portions of the Scheduling Order. Under that Order, Plaintiff was required to submit his pretrial memorandum, exhibit list, and exhibit index by December 12, 2024. (ECF No. 120.) On that date, Plaintiff moved again for a second extension of time to file an amended complaint, pretrial memorandum, exhibit list and index as well as his motions *in limine*.

I denied the request. (ECF No. 123.) Plaintiff moved a third time for the same and I once again denied the request. (ECF No. 126.)

3. Plaintiff now moves for a fourth time to amend his Complaint, file exhibits and motions *in limine*, and file his pretrial memorandum. (ECF No. 124.) He also moves to postpone the January 13 trial date until late March 2025.

4. A Scheduling Order "may be modified only for good cause and with the judge's consent." White v. Bush, No. 20-2059, 2021 WL 2255981, at *4 (E.D. Pa. June 3, 2021) (internal quotations and citations omitted); see also Fed. R. Civ. P. 16.

5. As an initial matter, I will not allow Plaintiff to amend the Complaint at this late hour. Trial is two weeks away. The other extensions Plaintiff requests would give Defendant one week (including the New Year's holiday) to respond. I will not put Defendant in that position when Plaintiff has provided no reason for doing so.

6. As it relates to Plaintiff's extension requests, he has failed to make out "good cause." Plaintiff already received one extension to submit his pre-trial documents and has failed timely to comply. Although I will not allow Plaintiff to surprise Defendant with a last-minute and out-of-time motion *in limine*, I will allow him to file a pre-trial memorandum and witness list no later than January 3, 2025.

7. Finally, I will not postpone trial. Plaintiff explains that trial should be postponed because he proceeds *in forma pauperis*, but he has attached either confirmations or receipts from airlines, rental car companies, or hotels showing he has already made plans to attend trial on the 13th. (See ECF No. 130.) As I did on our November 4, 2024 status call, I again advise Plaintiff that if he fails to comply with the Scheduling Order, attempts to further delay these proceedings, or fails to appear for the January 13, 2025 trial date—thereby hindering Defendant's ability to try

this case—I may consider dismissing this case for failure to prosecute. See McCollum v. Eagle Sec. Agency, No. 97-6712, 1999 WL 727433, at *4 (E.D. Pa. Sept. 16, 1999) (internal quotations and citations omitted) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.").

**WHEREFORE**, it is hereby **ORDERED** that the Motion (ECF No. 130) is **DENIED**. It is further **ORDERED** that:

- Plaintiff's Request to File an Amended Complaint is **DENIED**;
- Plaintiff **SHALL** file his pretrial memorandum and witness list **no later than January 3, 2025**;
- This case **SHALL** proceed to trial on January 13, 2025.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*

**Mitchell S. Goldberg, J.**