IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN VALENTIN, | |
| *Plaintiff*, | Civil Action |
| v. | No. 19-cv-1175 |
| PHILADELPHIA COUNTY SHERIFF'S DEPARTMENT et al., | |
| *Defendants*. | |

**ORDER**

**AND NOW**, this 18th day of April, 2025, I find as follows:

1.  On January 13, 2025, after *pro se* Plaintiff Jonathan Valentin failed to appear for trial, and having considered Valentin's pattern of dilatory conduct and refusal to comply with Court Orders, I granted Defendant's Oral Motion to Dismiss for Failure to Prosecute. (ECF No. 148.) I explained my reasoning on the record. (See Jan. 13, 2025 Hr. Tr. at 11-15.) Valentin has appealed that ruling. (ECF No. 154.) As directed by the Third Circuit, I write to explain the reasons for dismissal.[1]

I.  **BACKGROUND**

2.  On March 19, 2019, Valentin initiated this action, bringing a series of state tort law and § 1983 claims against Deputy Sheriffs Derek Murphy and Amada Rodriguez. (ECF No. 2.) In March 2021, Judge Gene E.K. Pratter—then assigned—granted summary judgment in favor of Defendants, and thereafter Valentin timely appealed.

---

[1] I note that although the Third Circuit did not originally have access to this transcript, it is now docketed at ECF No. 158.

1

3.      On August 30, 2023 the Third Circuit affirmed in part and vacated in part Judge Pratter's Order.  Specifically, the Third Circuit held that Valentin's claims against Murphy for excessive force, false arrest, and first amendment retaliation should be decided by a factfinder. The Third Circuit affirmed the remainder of Judge Pratter's Order, including Deputy Rodriguez's dismissal.

4.      On May 6, 2024, the case was reassigned to me.  Thereafter, Valentin missed nearly every deadline set by this Court and repeatedly filed frivolous Motions in an effort to delay his own trial:

   a. On May 29, 2024, I ordered the Parties to appear for a status conference on June 18, 2024.  (ECF No. 72.)  Valentin failed to appear.  (ECF No. 74.)
   b. On June 20, 2024, Valentin informed the Court that he had moved from Philadelphia to Milwaukee, Wisconsin.  (ECF No. 75 at 7 of 80.)
   c. On July 1, 2024, I issued my first Trial Scheduling Order, which required the Parties to submit pretrial memoranda and motions *in limine* by August 12, 2024.  (ECF No. 76.)  Defendant complied, Valentin did not.  (See ECF Nos. 78, 79, 80, 81.)  Instead of complying with that Order, Valentin filed—one year after the Third Circuit remand, and more than 5 years after he filed his Third Amended Complaint—a Motion to Amend the Complaint.  (ECF No. 84.)
   d. My initial Trial Scheduling Order set trial for August 26, 2024.  (ECF No. 76.)  I was forced postpone that trial date because Valentin refused to comply with the various deadlines contained in the First Trial Scheduling Order.  (ECF No. 95 (cancelling August 26, 2024 trial).)
   e. On August 26, 2024, Magistrate Judge Jose Arteaga scheduled a virtual Settlement Conference for September 10, 2024 at 10:00 a.m.  (ECF No. 96.)  On September 3, 2024, Valentin confirmed that he was "in receipt" of that Order, yet he failed to appear.  (ECF Nos. 99 at 3 of 5, 103.)
   f. On November 24, 2024, I denied Plaintiff's Motions to Amend (ECF Nos. 82, 84), and Motions for Leave to File Evidence Packages in Support of Amendment (ECF Nos. 86, 87, 88.)  (ECF No. 113.)
   g. On November 4, 2024, I held a virtual scheduling conference.  (ECF No. 117.)  At that hearing, Valentin confirmed that he would be able to attend trial in January.  On November 19, 2024, I issued my Second Trial Scheduling Order, requiring the Parties to submit pretrial documents and motions *in limine* by December 6, 2024.  (ECF No. 118.)
   h. On November 28, 2024, Valentin moved for additional time to submit his pretrial documents.  (ECF No. 119.)  I granted that request and extended the time for him to submit such documents until December 12, 2024.  (ECF No. 120.)

    i. Valentin failed to do so. Instead, on December 12, 2024, Valentin moved for a second time to extend the time to file his pretrial documents. (ECF No. 122.) I denied this Motion. (ECF No. 123.) On December 16, 2024, Valentin filed his Third Motion Requesting Additional Time to file Pretrial Documents. (ECF No. 124.) I denied this Motion as well. (ECF No. 126.)

    j. On December 27, 2024, Valentin filed his Fourth Motion for an Extension of Time to File Pretrial Documents, postpone the January 13, 2025 trial date he had agreed to, and amend his Complaint. (ECF No. 130.) On December 30, 2024, I denied in part the Motion, explaining that Trial was "two weeks away," and any further delay would give "defendant one week (including the New Year's holiday) to respond." (ECF No. 131.) I further noted that I would not postpone trial because: (1) Valentin had agreed to that trial date in November; and (2) Valentin had provided to the Court "either confirmations or receipts from airlines, rental car companies, or hotels showing he ha[d] already made plans to attend trial on the 13th." (Id.) I did, however, grant Valentin a brief extension of time to file his pretrial memorandum and witness list. (Id.) Finally, I explained to Valentin that "if he fail[ed] to comply with the Scheduling Order, attempt[ed] to further delay these proceedings, or fail[ed] to appear for the January 13, 2025 trial date—thereby hindering Defendant's ability to try this case—I [would] consider dismissing this case for failure to prosecute." (Id.)

    k. Valentin failed to heed these warnings. Instead, and in violation of Rule 15, on January 3, 2025, Valentin filed an Amended Complaint. (ECF No. 136.)

    l. On January 6, 2025, and in accordance with the Second Trial Scheduling Order, I held a virtual Final Pretrial Conference. (ECF No. 141.) There, I advised Valentin that if he failed to appear for the January 13, 2025 trial date, I would seriously consider granting a Motion from the Defense to Dismiss for Failure to Prosecute.

    m. On January 13, 2025, the date trial was supposed to start, Valentin failed to appear in court and instead appeared virtually. After I gave Valentin the opportunity to address the Court, Defendant moved orally to dismiss the case for failure to prosecute. (ECF No. 158 at 11:2-12.) After considering the Poulis factors, I dismissed the case. (Id. at 11-15.)

## II.    LEGAL STANDARDS

5.    Before dismissing for failure to prosecute, I must consider the following: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) any history of delay; (4) whether the conduct of the party or attorney at fault was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit of the claim or defense." Kenyon v. Moffitt, No. 21-170, 2024 WL 756826, at *1 (W.D. Pa. Feb. 23, 2024) (citing Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted)). Not all of the Poulis factors must

be satisfied in order for a court to dismiss a complaint.  See Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003); Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009).

### III. POULIS ANALYSIS

#### A. The Extent of Valentin's Personal Responsibility.

6. Because Valentin proceeds *pro se*, he is "personally responsible for complying with court orders."  Swiderski v. Harman, 336 F.R.D. 98, 103 (E.D. Pa. 2020) (internal citations omitted).  Valentin thus bears the responsibility for submitting pretrial memoranda, showing up for settlement and status conferences, and for attending his own trial.  This is not the case where a *pro se* Plaintiff is imprisoned and cannot prepare for trial because he does not have access to the law library.  C.f. Swiderski, 336 F.R.D. at 103-04 (explaining that *pro se* prisoner's inability to access the law library showed there were outside forces hindering his ability to try the case and thus weighed against the personal responsibility factor).  Instead, Valentin's filings make clear that he has access to the internet and online legal resources.

7. In his January 6, 2025 Motion for Postponement, he explained that he is a "*pro se* claimant living five states away for [sic] court and is currently unemployed." (ECF No. 137 at 10 of 12.)  He contended that he "need[ed] more time to save money and reserve a hotel room and an airline ticket to Philadelphia." (Id. at 10 of 12.)  These reasons, which only go to his failure to appear at trial, are not persuasive.  Valentin agreed to be in Philadelphia for a January trial during the November Trial Scheduling call.  Moreover, his excuses do not explain his repeated failure to comply with Court Orders or his filing of frivolous Motions and rule-violative Amended Complaints.

8. This factor thus weighs in favor of dismissal.

### B. The Prejudice to the Adversary

9. Prejudice can include "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (internal quotations and citations omitted). In complying with the various Scheduling Orders in this 6-year-old case, Defendant has filed 3 pretrial memoranda and has presumably cleared their schedules for various trial dates. (ECF Nos. 47, 80, 83, 121.) Instead of following suit, Valentin has consistently failed to comply with Court Orders. Indeed, leading up to each potential trial date, Valentin failed to inform Defendant of what evidence or which witnesses—if any—he would present or call. The cost and time associated with preparing for trial has had an undeniable impact on the City and counsel. Postponing trial once again, especially under these circumstances, would prejudice Defendant.

10. This factor thus favors dismissal.

### C. A History of Dilatoriness

11. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). As noted above, since I was assigned this case, Valentin has failed to comply with nearly every Order I have issued. He failed to appear at status hearings, settlement conferences, and ultimately, his own trial.

12. It appears that Valentin's only explanation for his repeated delays is that Defendant belatedly provided video footage of the incident underpinning his claim and needed more time to review. As discussed at the final pretrial conference and at the January 13, 2025 aborted trial date, this is false. Defendant provided the video to Valentin sometime in 2021 and the Third Circuit

relied on the video in reversing and remanding this case in 2023.  See Valentin v. Phila. Sheriff's Dept., No. 22-1527, 2023 WL 5607556, at *1 (3d Cir. Aug. 30, 2023) ("Valentin opposed the motion and sought video surveillance footage of the incident. The defendants subsequently submitted surveillance footage of the courthouse lobby and exit at the time of the altercation. Upon reviewing the evidence, the District Court granted the defendants' motion for summary judgment as to all claims.").

13.     Valentin's repeated dilatory conduct favors dismissal.

### D. Whether Valentin's Conduct was Willful or in Bad Faith

14.     As noted, I have given Valentin opportunity after opportunity to meet scheduling deadlines in this case.  I only scheduled the January 13 trial date *after* he agreed that he could travel to Philadelphia.  Moreover, despite two Scheduling Orders and an extension, Valentin never filed any of the pretrial documents required for Defendant to prepare for trial.  Finally, on December 30, 2024, I advised Plaintiff that his continued failure to comply with Court Orders could result in dismissal.  (See ECF No. 131 (citing McCollum v. Eagle Sec. Agency, No. 97-6712, 1999 WL 727433, at *4 (E.D. Pa. Sept. 16, 1999) (internal quotations and citations omitted) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.")).)

15.     In addition, since July 1, 2024, Valentin has filed a number of frivolous Motions[2] as well as three "Amended Complaints."  Most of his Motions and self-styled "Amended Complaints" are made up of dozens of pages of quotations to the Federal Rules of Civil Procedure

---

[2] Even after I dismissed this case, Valentin continued to file such Motions.  On January 21, 2025, Valentin filed a "Motion for Class Action Certification."  (ECF No. 152.)  This case involves a single incident involving Valentin and a Sheriff's deputy.

and little else. These "Motions" have continuously delayed proceedings. Given the quantity of these submissions, and Valentin's desire to postpone proceedings further, it is difficult to imagine Valentin docketed these filings in good faith.

### E. The Effectiveness of Sanctions other than Dismissal

16. Under these circumstances, no sanction—other than dismissal—would be effective. Valentin has explained that he is currently unemployed and needs time to come up with the money to travel to Philadelphia. Accordingly, I will not impose monetary sanctions. See Adonai-Adoni v. King, 506 F. App'x 116, 119 (3d Cir. 2012) ("Because Adonai-Adoni proceeded pro se and in forma pauperis, monetary sanctions were not a viable form of alternative sanction."). Moreover, Valentin has demonstrated an inability to comply with my Trial Scheduling Orders and has continuously failed to submit crucial pretrial documents. This failure has made it impossible for Defendant to prepare for trial. See King v. Galano, No. 14-1691, 2015 WL 6523459, at *3 (D.N.J. Oct. 28, 2015) ("Plaintiff's history of nonparticipation and noncompliance in this matter suggests that alternative sanctions would be futile."). Finally, Valentin has shown an unwillingness to travel to Philadelphia to prosecute this case. This factor also weighs in favor of dismissal.

### F. The Meritoriousness of Plaintiff's Claims

17. This is the only factor that could conceivably weigh against dismissal. The Third Circuit remanded so that this case could be tried against the remaining Defendant.

### IV. CONCLUSION

18. "A plaintiff may have a meritorious claim, but he must prosecute that claim in accordance with the Federal Rules of Civil Procedure and this Court's orders to prove that claim and entitle him to judgment, if warranted. Absent a plaintiff who is participating in the legal process, this case cannot move forward." Harris v. Lebron, No. 23-4372, 2024 WL 4242815, at

*6 (E.D. Pa. Sept. 19, 2024).  I have attempted to extend Valentin every courtesy but can no longer ignore the rights of the Defendant, who is entitled to his day in Court in a cost-effective manner.  Valentin's refusal to prosecute this case warrants dismissal.

**WHEREFORE**, it is hereby **ORDERED** that my January 13, 2025 Order (ECF No. 148) dismissing this case is hereby **AMENDED** to include the foregoing.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*

**Mitchell S. Goldberg, J.**